| 58 | 111 |
| 82 | 72 |
| 58 | 111 |
| 119 | 149 |
| 58 | 111 |
| e137 | 359 |
| 58 | 111 |
| 141 | 369 |

[No. 7,458.—Department Two.]

## F. S. FREEMAN v. F. M. RAHM.

A CONTRACT FOR SALE OF REAL ESTATE—STATUTE OF FRAUDS—ATTACH-
MENT—INJUNCTION.—J. R. C. sold to the plaintiff all his interest in the
estate of W. J. C., deceased, received the full amount of the purchase
money therefor, and executed and delivered to him a full and irrevoca-
ble power of attorney to receive his distributive share of the estate;
which was duly recorded, but no deed executed; and a decree of distri-
bution was subsequently made by the Probate Court, by which an undi-
vided one eighteenth of certain land of the estate was distributed to J.
R. C. Afterwards (March 31st, 1880), an attachment, at the suit of one
P., was levied on the interest of J. R. C. in the premises. April 6th,
1880, J. R. C. executed to the plaintiff a deed of all his interest in the
land, and the deed was recorded April 24th, 1880. April 12th, 1880,
judgment was rendered in the attachment suit against J. R. C., and ex-
ecution issued, and this suit was brought to enjoin the sale.
*Held:* The plaintiff, if he had any rights, was estopped by the decree of dis-
tribution from asserting title to the premises.
The power of attorney did not purport to be and was not a transfer of the
title; and there was no instrument in writing by which any sale or con-
tract of sale or declaration of trust was evidenced.

APPEAL from a judgment for the defendant and an order
denying a new trial in the Superior Court of Yolo County.
BUSH, J.

*C. P. Sprague,* for Appellant.

Courts of Equity will enforce a specific performance of a contract within the statute, not in writing, where it is fully set forth in the bill and is confessed by the answer of the defendant. (Story's Eq. Jur., §§ 754, 755.) In the case now under consideration, the contract was fully set forth in the bill, and was confessed in the answer. The plaintiff was not affected by the decree of distribution, because the Probate Court had no power to distribute to him. The provisions of § 1598, Code Civil Procedure, have no application. It merely provides that when a person is bound by contract in writing to convey any real estate, and dies before making the conveyance, the Court may make a decree authorizing and directing the administrator to convey." So far as we are aware this is the only provision of the code authorizing the Probate Court to decree a specific performance, and clearly this section has no application to the case under consideration. The Code of Civil Procedure, § 1678, provides that : " Partition or distribution of the real estate may be made as provided in this chapter, although some of the original heirs, legatees, or devisees may have conveyed their shares to other persons, and such shares must be assigned to the person holding the same, in the same manner as they otherwise would have been to such heirs, legatees, or devisees." Assigned to the person holding the same. Holding what ? Certainly not the land, for that is held by the administrator. We submit that "the same" refers to the conveyance and not to the land. Appellant held no conveyance, for it was in parol. The power of attorney did not authorize the estate to be distributed to Freeman, it only authorized him to receive J. R. Campbell's distributive share distributed to him the said Campbell. Clearly the Probate Court had no jurisdiction to distribute J. R. Campbell's share to Freeman by name, and could not as a matter of equity determine the effect of the parol agreement between Campbell and Freeman. Yet we have shown that in a suit between them, Campbell admitting the sale and the receipt of the purchase money, he could have been compelled to execute a conveyance. And the respondent occupies no better position.

*W. B. Treadwell,* for Respondent.

The complaint is not sufficient to entitle plaintiff to recover. No title, legal or equitable, passed from Campbell to plaintiff before the levy of the execution. (Story on Agency, 8th ed., § 476; Kent's Com. 12th ed. *644; *McGregor* v. *Gardner,* 14 Iowa, 326.) Plaintiff is estopped by the decree of distribution in the Probate Court from asserting title to the premises as against Campbell. (Code Civ. Proc., §§ 1666, 1678; *Estate of Castro,* 18 Cal. 96; *Estate of Garraud,* 36 id. 277; *Reynolds* v. *Brumagim,* 54 id. 254; *Estate of Hite,* My. Pro. R. 232.)

MYRICK, J.:

This action was brought to restrain the defendant as sheriff from proceeding to sell certain real estate on an execution against J. R. Campbell. One W. J. Campbell died seised of real estate, to an undivided eighteenth of which said J. R. Campbell became entitled by succession. On the 11th of December, 1877, while the estate of W. J. Campbell was in process of administration, said J. R. Campbell sold to plaintiff all his interest in the estate of said W. J. Campbell, deceased, received the full amount of the purchase money therefor, and executed and delivered to plaintiff a full and irrevocable power of attorney to receive his distributive share of the estate, which power was acknowledged and recorded before October 13th, 1879; no deed, however, was then executed. On the 13th of October, 1879, after due proceedings and notice, a decree of distribution of the estate was made by the Probate Court, by which decree an undivided one eighteenth of said estate was distributed to said J. R. Campbell. No mention of plaintiff, or the purchase by him, or of the power of attorney was made in the decree; but the Court in the decree recited that J. R. Campbell was entitled to an undivided one eighteenth, and distributed the same to him in the usual form. On or about the 31st day of March, 1880, one Perry commenced an action in the Superior Court against said J. R. Campbell, and on that day caused the interest of said J. R. Campbell in said premises to be attached. On the 6th day of April, 1880, said J. R. Campbell executed to plaintiff a deed

of all his interest in certain described premises, which deed contained the statement that "the interest hereby conveyed is the undivided one eighteenth of all the real estate above described, as per decree of the Probate Court of said Yolo County, made and entered in the settlement of the estate of W. J. Campbell, deceased, on the 13th day of October, 1879." This deed was recorded April 24th, 1880. On the 12th day of April, 1880, in the said action, said Perry recovered a judgment against said J. R. Campbell for four hundred and thirty-five dollars and sixty-five cents and costs, and on or about the same day caused an execution to be issued on said judgment and placed in the hands of the defendant, Sheriff of Yolo County. Under such execution the defendant was proceeding to sell, and this action was brought to restrain the sale. Neither plaintiff nor J. R. Campbell was ever in the actual possession of the premises. The Court below in this action rendered judgment for defendant.

I. The plaintiff, if he had any rights, is estopped by the decree of distribution in the Probate Court from asserting title to the premises. Upon the final settlement of the accounts of an executor or administrator (§ 1665, Code Civ. Proc.), the Court must proceed to distribute the residue "among the persons who by law are entitled thereto." Upon distribution, if any of the heirs, legatees, or devisees have conveyed their shares to other persons (§ 1678), such shares "must be assigned to the person holding the same, in the same manner as they otherwise would have been to such heirs, legatees, or devisees." According to § 1666, "in the decree or order the Court must name the persons and the proportions or parts to which each shall be entitled." By § 1908 it is provided: "The effect of a judgment or final order in an action or special proceeding before a Court or Judge of this State, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:

"1. In case of a judgment or order against a specific thing, or in respect to the probate of a will, or the administration of the estate of a decedent, or in respect to the personal, political, or legal condition, or relation, of a particular person, the judgment or order is conclusive upon the title to the thing, the

will, or administration, or the condition or relation of the person."

From these provisions of the law, it follows, if plaintiff had any right under his alleged purchase or power of attorney, he should have asserted that right before the Probate Court, and had the share claimed by him distributed directly to himself. The Probate Court had jurisdiction of the administration of the estate, and a part of the administration was the ascertainment of the persons entitled to the residue, and its distribution to them. The plaintiff had notice of the proceedings of distribution; he had his day in Court. The decree of the Court assigning the share to J. R. Campbell is conclusive. *Non constat* but the power of attorney and all claim of plaintiff to the property was rendered back to J. R. Campbell before the decree.

II. The power of attorney gave to plaintiff no right to take distribution to himself; it did not purport to be, and was not a transfer of the title. Any act that plaintiff might have performed under it would have been as attorney in fact of Campbell, not as his grantee. There was no instrument in writing by which any sale, or contract of sale, or declaration of trust, was evidenced.

Judgment and order affirmed.

SHARPSTEIN, J., and MORRISON, C. J., concurred.

THORNTON, J., concurring:

I concur in the judgment, on the ground that the case made by the plaintiff is not one proper for an injunction. I do not concur in any of the grounds on which the opinion of the Court rests the conclusion reached in it.

---

58  115
80   49

58  115
d103 183

58  115
106 362