[No. 12466. Department Two. — December 14, 1889.]

EDWARD E. CHEVER ET AL., RESPONDENTS, *v.*
CHING HONG POY ET AL., RESPONDENTS, AND WIL-
LIAM J. CHEVER, APPELLANT.

ESTATES OF DECEASED PERSONS — DISTRIBUTION TO HEIR — DEED BY HEIR
  BEFORE DISTRIBUTION — CONCLUSIVENESS OF DECREE. — Under section
  1666 of the Code of Civil Procedure, a decree of distribution is conclusive
  as to the rights of heirs, legatees, or devisees only so far as they claim
  in such capacities, and does not create any new title.  An heir may con-
  tract about or convey the title which the law has cast upon him on the
  death of his ancestor; and the validity or force of such contract is not
  affected by the fact that the probate court afterward by its decree of dis-
  tribution declares his asserted heirship and title to be valid, and assumes
  to distribute the land to him.
ID. — PARTITION TO GRANTEE OF HEIR — JURISDICTION — PARTIES. — Sec-
  tion 1678 of the Code of Civil Procedure applies particularly to cases of
  partition between heirs or devisees, where commissioners are appointed
  to make division; and merely gives the right to a grantee of an heir to
  have the share of his grantor set off to him.  Whether the probate court
  would have jurisdiction to hear and determine a contest between an heir
  and his alleged grantee, in cases arising under that section, is not decided;
  but the rights of a prior grantee of an heir are not affected by a subse-
  quent ordinary decree of distribution to the heir to which the grantee
  was no party.  On rendering ordinary decrees of distribution, the pro-
  bate court deals only with issues and parties legitimately before it.

APPEAL from an order of the Superior Court of the
city and county of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*James M. Seawell,* for Appellant.

The decree of the probate court distributing the estate
of James W. Chever, deceased, is conclusive of the then
rights of the distributees therein named, all of whom
derive title only under said deceased.  (Code Civ. Proc.,
secs. 1666, 1678, 1908; *Estate of Garraud,* 36 Cal. 277;
*Freeman* v. *Rahm,* 58 Cal. 114; *Estate of Hudson,* 63 Cal.
454; *In re Rowland,* 74 Cal. 523; *Goldtree* v. *Thompson,*
79 Cal. 613.)  That decree ascertained and determined
the then rights of all parties interested in the estate, and

can be attacked collaterally no more by proof of prior deeds or covenants of the parties than by any other matter antedating the decree. (Code Civ. Proc., sec. 1908; Freeman on Judgments, secs. 246, 247; *Marsh* v. *Pier*, 4 Rawle, 288; 26 Am. Dec. 131; *Adams* v. *Barnes*, 17 Mass. 367.) If necessary to support the decree, it must be presumed that there was a reconveyance to appellant prior to the decree. (*Freeman* v. *Rahm*, 58 Cal. 115.)

*F. W. Van Reynegom, Jarboe, Harrison & Goodfellow, A. R. Cotton,* and *T. D. Riordan,* for Respondents.

The case of *Freeman* v. *Rahm,* 58 Cal. 115, should not be followed as applied to ordinary decrees of distribution of rights derived from the decedent. It was based chiefly on section 1678 of the Code of Civil Procedure. The probate court should not be compelled to pass upon issues or rights of parties not before it. A judgment is not conclusive as to collateral matters outside of the issues. (*King* v. *Chase,* 15 N. H. 675; *Garwood* v. *Garwood,* 29 Cal. 521, 523; *Meredith* v. *Santa Clara etc.,* 56 Cal. 181.)

McFARLAND, J.— This action was brought against certain Chinese tenants to recover rent for certain land, and against William J. Chever, who claims a certain interest in the land and rent, and who was made a defendant because he refused to join as plaintiff. The Chinese defendants paid the rent due into court; and the only matter in controversy is the right to a certain one fifth of the rent which is claimed by both plaintiff and defendant William J. Chever. The court first decided the issue in favor of said defendant, but afterward granted a new trial; and from the order granting the new trial the said defendant William J. Chever appeals. The plaintiff Edward E. Chever sues in his own right, and also as administrator of his deceased mother, Lydia D. Chever; and it is in his capacity as such administrator that he claims the said one fifth of the rent.

The facts are, that James W. Chever, who was the father of plaintiff and defendant, died seised of the land in question in the year 1857. He left surviving him his widow, Lydia D. Chever, and five sons, viz.: Edward E. (the plaintiff), David A , George F., Charles G., and the defendant William J. Chever. He left a will, in which he devised all his property to his widow, Lydia D., during her widowhood, with a proviso that if she should marry again it should immediately go to his said children in equal proportions. As she did not marry, the effect of the will was simply to give her a life estate in the property, without further disposition of it, leaving it to go, after her life, according to the law of descents.

Afterward, on May 10, 1860, but before the settlement of the estate of the deceased father, the defendant herein, William J. Chever, duly executed to his mother, the said Lydia D., a deed in which he did "give, grant, sell, devise, release, and forever quitclaim," to said Lydia D., " all his right, title, and interest in and to all the real property . . . . which might be coming to the said William J. Chever, as heir at law of said James W. Chever, deceased"; and further covenanted to warrant and defend the same to said Lydia D., her heirs and assigns, forever, etc. His interest at that time was one fifth. Afterward, and prior to April, 1878, the said brother George F. Chever died unmarried, without issue, and intestate.

On April 8, 1878, on the petition of the administrator of the said father, James W. Chever, a decree was entered in the probate court distributing the land described in the complaint to the said widow, Lydia D. Chever, during her widowhood, and afterward in equal proportions to the surviving sons, Edward E. (plaintiff herein), David A., Charles G., and the defendant William J. Chever. Afterward, — on. January 15, 1883, — Lydia D. died, and plaintiff is her administrator.

Upon this state of facts the contention of appellant

is, that, notwithstanding his said deed to his mother of
May 10, 1860, by which he conveyed to her all his right
and title to the property, the subsequent decree of dis-
tribution entirely destroyed the effect of that deed, and
conclusively established the title in appellant as of the
date of the decree. The contention of respondent is,
that the title vested in appellant on the death of his
father by operation of law, and passed by the deed to
his mother. And we think that the view of the question
taken by respondent, and adopted by the court below, is
the correct one.

Section 1666 of the Code of Civil Procedure provides
that a decree of distribution "is conclusive as to the
rights of heirs, legatees, or devisees"; but it is con-
clusive against them only *as* heirs, legatees, or devisees,
— only so far as they claim in such capacities. The
probate court has jurisdiction to determine who are the
legal heirs of a deceased person who died intestate, and
who are the devisees or legatees of one who died testate;
but its determination of such matters does not create
any new title; it merely declares the title which ac-
crued under the law of descents or under the provisions
of the will. The decree of distribution has nothing to
do with contracts or conveyances which may have been
made by heirs, devisees, or legatees of or about their
shares of the estate, either among themselves or with
others; such matters are not before the probate court,
and over them it has no jurisdiction. An heir may
contract about or convey the title which the law had
cast upon him on the death of his ancestor; and the
validity or force of such contract is not affected by the
fact that a probate court afterward, by its decree of dis-
tribution, declares his asserted heirship and title to be
valid. Section 1678, invoked by appellant, applies par-
ticularly to cases of "partition" between heirs or dev-
isees, where commissioners are appointed to make
division, etc.; and merely gives the right to a grantee

of an heir or devisee to have the share of his grantor set off to him. Whether, even in such a case, the probate court would have jurisdiction to hear and determine a contested issue between an heir and alleged grantee, when the former denied the right of the latter, or whether it was intended to apply merely to admitted claims, is a question which need not be answered here. It is clear that on rendering ordinary decrees of distribution probate courts deal only with issues and parties legitimately before them.

In opposition to these views appellant cites *Freeman v. Rahm*, 58 Cal. · 114. It is not very clear what principles were intended to be determined in the leading opinion in that case, or if they would be applicable to the case at bar. At all events we cannot hold that that case rules this one differently from the conclusion herein reached. Views opposite to those claimed to be stated in *Freeman v. Rahm* are expressed in *Theller v. Such*, 57 Cal. 447; *Bath v. Valdez*, 70 Cal. 350; and *Bernard v. Wilson*, 74 Cal. 512.

Order appealed from affirmed.

Thornton, J., and Sharpstein, J., concurred.

Hearing in Bank denied.