[No. 14451.   Department Two. — December 8, 1891.]

IN THE MATTER OF THE ESTATE OF THOMAS H. VAUGHN, DECEASED.

ESTATES OF DECEDENTS — DISTRIBUTION — RIGHTS OF GRANTEE OF HEIRS. — One who has acquired all the interests of the heirs of a decedent to the decedent's estate, before its final distribution, is entitled to have the property distributed to him, upon petition by him for final distribution; and it is error for the probate court to distribute the property to the heirs of the decedent, upon the hearing of such petition, if not contested by them.

APPEAL from an order of the Superior Court of Sonoma County decreeing the final distribution of an estate.

The facts are stated in the opinion of the court.

*Emmett Seawell*, for Appellant.

*James W. Oakes*, for Respondent.

MCFARLAND, J. — Appeal by Martha A. Bradford from a decree of final distribution.

Before the petition for distribution was filed, all the heirs except William J. Vaughn had conveyed to the latter all their interests in certain real property here involved; the said William J. Vaughn had conveyed the whole of said property to D. W. Bradford, and the latter had conveyed the same to the appellant, Martha A. Bradford. The prayer of the petition was, that the said property be distributed to said Martha A. Notice was given

to all parties interested, and duly served.   All the facts as to her ownership appeared, and " no one appeared or made any opposition upon the hearing of the said petition for distribution, or opposed the granting of the prayer thereof."   The court, however, refused to distribute said property to appellant, but distributed it to the legal heirs of the deceased.

We are informed by the brief of counsel that the refusal of the court to distribute the property according to the prayer of the petition and the consent of all parties interested was based upon the decision of the court in *Chever* v. *Ching Hong Poy*, 82 Cal. 68.   But certainly there was in that case no such question as the one involved in the case at bar.   In the Chever case the appellant, William J. Chever, had, pending the administration of the estate of his deceased father, conveyed to his mother all his interest in the real property of said estate. Upon final distribution, the claim of the mother, as grantee of William J., for some reason was not set up, and was not before the court; and the court very properly, upon the facts before it, distributed the interest in question to the heir of William J., who was still apparently the owner of it.   He afterwards claimed that the decree of distribution conclusively estopped the mother from setting up title under the prior conveyance; but this court held that such was not the law, and that was the only point *decided* in the case.   In stating the question, we used this language: " Upon this state of facts, the contention of appellant is, that, notwithstanding his said deed to his mother of May 10, 1860, by which he conveyed to her all his right and title to the property, the subsequent decree of distribution entirely destroyed the effect of that deed, and conclusively established the title in appellant as of the date of the decree.   The contention of respondent is, that the title vested in appellant on the death of his father by operation of law, and passed by the deed to his mother.   And we think that the view of the question taken by respondent, and adopted by the court below, is the correct one."   If in the opinion ren-

dered in that case there was some unnecessary language used, there was none, at least, that should have created any confusion in the case at bar; for if there was an uncalled for query as to the power of the probate court on distribution to determine "a contested issue between an heir and alleged grantee, when the former denied the right of the latter," it was expressly said that section 1678 applied to "admitted claims." Moreover, in that case the grantee was not before the court, and we said that "it is clear that on rendering ordinary decrees of distribution, probate courts deal only with issues and parties legitimately before them."

The decree appealed from is reversed, and the court below is directed to render a decree distributing the land described in the petition for distribution to the appellant, Martha A. Bradford.

DE HÁVEN, J., and SHARPSTEIN, J., concurred.