WILLIAM HILL CO. v. LAWLER.*

S. F. No. 178; July 31, 1896.

45 Pac. 847.

**Probate Proceeding—Effect of Decree Dividing Property.**—A decree of the superior court, in a probate proceeding, making division of the property of a testator in accordance with a petition and stipulation of the widow and residuary devisees, filed with the final account of the executors, and without notice to other parties in interest, does not affect the rights of a prior grantee of the widow, by deed conveying her interest in community property, who was not a party to the proceedings, though such decree set off the property in severalty to other devisees. Such a decree can, in any event, extend only to the succession or testamentary rights in the property.

APPEAL from Superior Court, Sonoma County; S. K. Dougherty, Judge.

Action by the William Hill Company against John Lawler. From the judgment plaintiff appeals. Affirmed.

Lyman Green, T. J. Geary and A. B. Ware for appellant; J. C. Sims for respondent.

BRITT, C.—The court below rendered judgment quieting the title of plaintiff, a corporation, to an undivided one-half interest in a certain tract of land, containing about one hundred and forty acres situated in Sonoma county. Plaintiff claims to be the sole owner of the land, and to be aggrieved by the refusal of the court to so adjudge. Patrick Lawler, father of the defendant, died on September 8, 1887, being then the owner of a large ranch which included the tract in dispute. He left a will wherein he declared his whole estate to be community property, and confirmed the legal right to his wife, Bridget Lawler, in the undivided one-half thereof, made pecuniary bequests to several persons (defendant among them), and gave the residue to James Lawler and P. H. Lawler, two of his sons. The will was regularly admitted to probate in the superior court. Pending the administration of the estate of said deceased, on December 21, 1887, said Bridget Lawler made a deed of grant to the defendant, John

*For subsequent opinion in bank, see 116 Cal. 359, 48 Pac. 323.

Lawler, of an undivided one-half interest in and to the specific parcel of land which is the subject of this suit, and the deed was recorded on the following day in the office of the recorder of said county. On June 18, 1889, the court made its decree of final distribution of said estate, reciting, among other matters, that said Bridget, James and P. H. Lawler had, by written stipulation, agreed among themselves respecting the division of the property of the estate, and that the court approved the same, and, in terms, distributing and partitioning the lands of the deceased among the three persons last named in such manner that the tract now in controversy was apportioned to said James and P. H. Lawler—no mention being made of any interest of John therein, or of the deed to him from his mother, said Bridget. The title of James and P. H. Lawler has passed by mesne conveyances to plaintiff, and thereon it founds its right in the premises.

Plaintiff argues that, in virtue of the deed from his mother, defendant took an interest in the land subject to administration; that one object of administration is the distribution of the property of the deceased among the persons entitled thereto; that the decree operated in rem, and so defendant is estopped to assert any claim to the res. Had measures been taken to ascertain the persons entitled to share in the distribution of the estate pursuant to section 1664 of the Code of Civil Procedure, or to make distribution and partition among the heirs or devisees and those claiming under them, as provided in sections 1675–1686 of the code, and the decree or order of distribution had followed thereon, then it may be that it would have the effect contended for by plaintiff; for, in either of those modes of procedure, John Lawler would have been apprised, as prescribed by the statute, of the design to determine and declare his interest, and that, as grantee of Bridget Lawler, he must, if necessary, litigate his claim. But no such course was pursued. The order of June 18, 1889, was made upon petition, accompanying the final account of the executors, and proceedings taken under sections 1634, 1665, 1666 of the Code of Civil Procedure. There was no attempt to make partition in the manner marked out by said sections 1675–1686, the decree merely conforming, it seems, to the stipulation of the widow and residuary devisees under the will. Conceding that the court had jurisdiction to allot in this manner the lands of the es-

tate in severalty, still the effect of its action must be measured by those provisions of the statute under which it proceeded. These make it conclusive as to the rights of heirs, legatees, and devisees (Code Civ. Proc., sec. 1666); that is, upon persons claiming in the capacity of heirs, legatees or devisees. Such was the construction adopted in Chever v. Ching Hong Poy, 82 Cal. 68, 22 Pac. 1081, where it was held, accordingly, that a conveyance made by an heir of his interest in the estate, pending administration, was not affected by a subsequent decree of distribution which ignored such deed, and purported to set over to the heir the interest he had previously conveyed. The same view of the operation of such decrees obtains generally elsewhere: Hall v. Pierson, 63 Conn. 338, 28 Atl. 544; Dobberstein v. Murphy, 44 Minn. 526, 47 N. W. 171; Woerner on Administration, secs. 345, 563, and numerous cases cited. "The decree of distribution is conclusive only as to the succession or testamentary rights": In re Burdick's Estate, 112 Cal. 387, 44 Pac. 735. John Lawler's interest in the land accrued to him neither as successor of the deceased, nor under the will. There was no voluntary submission of his claim to the court: Estate of Vaughn, 92 Cal. 192, 28 Pac. 221. Hence the decree of distribution did not conclude him. Plaintiff argues that the case is without the doctrine of Chever v. Ching Hong Poy, because there the decree set over to the heir the same interest he had already conveyed, so that the decree operated to feed the prior conveyance, while here the property described in the deed from Bridget Lawler to John was not distributed to the grantor, but to other persons. But the attempted distinction does not reach the root of the matter. That lies in the incompetence of the court, proceeding as it did in distributing the estate of Patrick Lawler, to adjudicate upon rights not necessarily involved in accomplishing the purposes of administration.

The court excluded evidence which plaintiff claims might have shown that, at the time it purchased the title of P. H. and James Lawler, the defendant was not claiming the land, but was seeking indemnity from his mother for its loss. We see no error. Defendant's deed was recorded in the proper office, and this was notice of his interest, to plaintiff at least; and there was no offer to show that plaintiff was at

all influenced by any act or omission of defendant. The judgment and order denying a new trial should be affirmed.

We concur: Haynes, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.