W. I. SNYDER, as Assignee for the Benefit of Creditors of RASBAND BROTHERS, Appellant, v. JAMES S. MURDOCK, as Sheriff of Wasatch County, JAMES W. CLYDE, ALVA M. MURDOCK and WILLIAM G. RASBAND, as Administrator of the Estate of THOMAS RASBAND, Deceased, and ELIZABETH RASBAND, Respondents.

No. 1422. (73 Pac. 22.)

1. **Decedents' Estates: Distribution: Authority of Probate Court.**

Authority may be conferred on the probate court by statute to determine the interests of grantees of heirs or devisees in the estate.

2. **Same: Decree: Conclusiveness.**

A decree of the probate court, by which the interest of certain heirs in the estate of their father was distributed to one of the judgment creditors of the heirs, was conclusive, where no appeal was taken, on the assignee for creditors of the heirs.

(Decided July 1, 1903.)

Appeal from the Fourth District Court, Wasatch County.—*Hon. J. E. Booth,* Judge.

Action to recover certain real estate alleged to be the property of the Rasbands as heirs at law of their

father.   From a decree in favor of the defendants, the plaintiff appealed.

AFFIRMED.

Messrs. Snyder, Westervelt, Snyder & Wight for appellant.

A. C. Hatch, Esq., and Messrs. Rawlins, Thurman Hurd & Wedgwood for respondents.

### STATEMENT OF FACTS.

This cause was decided by this court on demurrer to amended complaint, as reported in 20 Utah 407, 59 Pac. 88.   The substance of said complaint is there given, and need not be restated here.   After said judgment on appeal, defendants James S. Murdock and James W. Clyde made answer, admitting many allegations of the complaint, but putting in issue, among other matters, the conveyance to the plaintiff by the said deed of assignment of the real estate in Wasatch county which the Rasband brothers, Frederick, Heber, and James, inherited respectively from the estate of their father, Thomas Rasband.   If this property was exempt to the Rasband brothers, then the same came within the exemption of the grant in said deed of assignment.   Other issues and defenses raised by the answer of said defendants are indicated by the findings of the court, which are, in brief, as follows:

That Rasband Bros. executed to plaintiff the deed of assignment; that the same was recorded as alleged in the amended complaint, and that plaintiff duly qualified as assignee, gave notice to the creditors by publication as alleged, and that the court extended indefinitely the time for winding up the affairs of said assignment; that Thomas Rasband, father of the Rasband brothers, died at the time and place alleged, and that on June 16, 1898, Wm. G. Rasband was duly appointed administra-

tor of the estate of said deceased, and duly qualified as such; that the defendant James S. Murdock was the qualified and acting sheriff of Wasatch county, Utah, and that defendants James W. Clyde and Alva M. Murdock were judgment creditors of the Rasband Bros.; that on the 15th of December, 1897, said creditors, Clyde and Murdock, each commenced an action on promissory notes against the Rasband Bros., and sued out writs of attachment, which were levied upon the property described in the complaint, the same being the interest which the Rasband brothers had in the estate of their deceased father; that neither of said defendants Clyde and Alva M. Murdock were named in the deed of assignment as creditors; that Rasband Bros. had a substantial interest in said estate, liable in execution for the satisfaction of any judgment said defendants might obtain against them; that judgments were duly entered in their favor against Rasband Bros., and their interests in said property duly levied upon by the sheriff, James S. Murdock, who, on October 22, 1898, duly sold the same to defendant Clyde, and issued to him a sheriff's certificate and deed therefor; that said Rasband Bros., by their deed of assignment, did not intend to grant and convey any of their interests in said property, but purposely omitted the same from the schedule accompanying the assignment, and intended to reserve said property for their benefit, knowing at the time that the indebtedness of Clyde and Alva M. Murdock had not been paid, and that no provision had been made for the payment of same; that the interest of Rasband Bros. in said property was and is exempt from execution, and was not included nor intended to be included in the deed of assignment; that on January 28, 1898, after the deed of assignment had been executed, plaintiff herein appeared in said suit of Clyde and Murdock v. Rasband Bros., and on behalf of Rasband Bros., as their attorney, moved the court to discharge the writ of attachment above referred to, and at said time had full knowledge of the facts and conditions relating to the title of said

property, including his own portion, if any, as assignee; that the judgment in the case last above mentioned was made upon the merits against said Rasband Bros. on August 8, 1898; that on August 1, 1899, after the commencement of the action herein, and before issue joined therein in the matter of the estate of Thomas Rasband pending in this court, upon the petition of said administrator, a decree of distribution of the property involved in this action was duly given and entered, by the terms of which all of the right, title, and interest that Rasband Bros. had in said premises was distributed to defendant James W. Clyde, and no part thereof was distributed to the plaintiff herein; that said decree was made by the court upon the merits of said cause; that the title and ownership, and claim of title and ownership, of these defendants was involved in said hearing, and was adjudicated against the plaintiff herein, and that of all of said proceedings the plaintiff herein had notice.

From a decree upon such findings in favor of defendants and against the plaintiff, the latter appeals.

HART, District Judge (after stating the facts).— It is insisted by plaintiff that if the property in question was not exempt to the Rasband brothers respectively, so as to be subject to levy and sale by the defendants, that then title to the same passed to the plaintiff under the assignment of all the assignor's property, except exempt property. It may be noted that this land was not scheduled, nor in any manner taken possession of by the assignee, the plaintiff. In fact, he appeared as counsel for Rasband Bros. in the attachment proceedings without making claim in himself to the property. The plaintiff likewise appeared as attorney for the administrator of the Rasband estate in the earlier stages of the administration proceedings, but at no time, so far as appears from the evidence, suggested, except to the administrator, that he claimed any interest in the estate by reason of the deed of assignment. The property in litigation was no doubt exempt from execution to the

respective members of the so-called Rasband Bros., but
in our view of the case it is unnecessary to determine
whether they waived their exemption rights, so as to
pass title to plaintiff by virtue of the deed of assign-
ment, in view of the decree in probate distributing the
property to the judgment creditors.    There is no doubt,
however, that such exemption rights were waived as to
the judgment creditors, which interests the defendants
herein represent.    Neither is it necessary to discuss nor
determine whether the relation of plaintiff to the Ras-
band Bros., and his proceeding under the assignment,
amount to an estoppel *in pais*, because in our view he is
precluded here from attacking the validity of the decree
in probate distributing the estate.    Of course, the
jurisdiction of the court of probate to determine the
interests of grantees of heirs or devisees depends
upon statute.    In the absence of statutory authority,
such court would have no authority to adjudicate such a
question.    But the statute may confer such power.
Woerner, Am. Law, Administration, secs. 151, 563.

The question here as to the validity, upon collateral
attack, of a decree distributing in probate the in-
terests of a devisee or heir, as against his grantee,
was similarly involved in the case of William Hill Co.
v. Lawler (Cal. 1897), 48 Pac. 323.    In that case the
widow had confirmed to her by will an undivided one-
half interest in her husband's estate, and the other half
was devised to her sons James and Patrick.    She then
deeded the land in dispute to her son John, but upon
final distribution the same was decreed to the sons
James and Patrick, and upon suit against John to quiet
title it was held, under the probate statutes similar to
our own, that, as no appeal was taken from the decree
in probate, it became conclusive upon the widow and
upon her grantee.    In its decision the court said: "By
filing the petition for the distribution of the estate, and
giving the notice required by section 1665, Code Civ.
Proc., the superior court acquired jurisdiction to distri-
bute the estate 'among the persons who by law were en-

titled thereto.' The 'distribution' of an estate includes the determination of persons who by law are entitled thereto, and also 'the proportions or parts' to which each of these persons is entitled; and the 'parts' of the estate so distributed may be segregated or undivided portions of the estate. It is declared in section 1666 that 'in the order or decree the court must name the persons and the portions or parts to which each shall be entitled,' and also 'such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal.' A proceeding for distribution is in the nature of a proceeding *in rem,* the *res* being the estate which is in the hands of the executor under the control of the court, and which he brings before the court for the purpose of receiving directions as to its final disposition. By giving the notice directed by the statute, the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate; and every person who may assert any right or interest therein is required to present his claim to the court for its determination. Whether he appear and present his claim, or fail to appear, the action of the court is equally conclusive upon him, 'subject only to be reversed, set aside, or modified on appeal.' The decree is as binding upon him if he fail to appear and present his claim as if his claim, after presentation, had been disallowed by the court. In re Griffith's Estate, 84 Cal. 107, 23 Pac. 528, 24 Pac. 381; Daly v. Pennie, 86 Cal. 552, 25 Pac. 67, 21 Am. St. Rep. 61. The grantee of an heir or devisee, or any person who claims under an heir or devisee, is bound by the decree as fully as would be the heir or devisee himself if he had not made the conveyance. Section 1678, Code Civ. Proc. (Cal.), provides: 'Partition or distribution of the real estate may be made as provided in this chapter, although some of the original heirs, legatees or devisees may have conveyed their shares to other persons, and such shares must be assigned to the person holding

the same in the same manner as they otherwise would have been to such heirs, legatees or devisees.' The provisions of this section extend to the distribution as well as to the partition which is provided in that chapter, and render the decree as conclusive upon those to whom the heirs have conveyed the estate as it 'otherwise would have been upon such heirs, legatees or devisees;' and the decree is equally conclusive whether the estate is distributed to the persons in segregated parts or in undivided proportions." It should be noted that section 1678, Code Civ. Proc. Cal., is the same as section 3961, Rev. Stat. 1898 Utah.

It was decided in Chever v. Ching Hong Poy (Cal.), 22 Pac. 1081, where the estate was distributed to the heir, and he had previously conveyed, that he was estopped by reason of his deed of conveyance from disputing the title of his grantee. In the case at bar the question does not arise between grantor and grantee, but between alleged grantees of the same grantors. In re Vaughn's Estate (Cal.), 28 Pac. 221, it was held that the grantee of the heirs was entitled, under section 1678, to have the estate distributed to him. If it be the duty of the court to distribute to the grantee of an heir, legatee, or devisee the share in the estate held by him by assignment, such decree should be given some effect against not only the heir, legatee, and devisee, but also as against their grantees. Such grantees are all before the court upon constructive notice, in the same manner as heirs, creditors, and other persons interested in the estate. The distinction should also be noted between an adjudication of claims among heirs and their grantees, and claims which dispute the title of the estate itself. Of the latter are such cases as In re Singleton's Estate (Nev. 1901), 64 Pac. 513, and the authorities there cited, in which the court of probate is denied "jurisdiction to adjudicate disputed rights against the estate."

At an early day in California, the Supreme Court of that State, in passing upon section 264 of the probate

act, which was substantially the same as our section 3961, except that the word "shall" was used where our statute uses the word "must," said: "It was evidently the design of this section to place the alienee of the interest upon the same footing as the original heir or devisee; and we can see no reason for confining the power to the first alienee, nor to an alienee, receiving a conveyance immediately from the heir or devisee. The statute should receive a liberal construction in favor of the remedy and to carry out the clear policy of the act; and, if we were to give it the restricted meaning insisted on, great practical inconvenience would result. Parties holding by descent, judicial sales, or devise would be excluded, and also those claiming through sales by vendees of the heir. The expenses would be greatly increased without corresponding benefit, and the distribution of estates be greatly retarded and embarrassed. We see no evils likely to result from giving the statute the broader construction, which places the real owner of the real estate in the situation of the heir or devisee, for the purpose of the partition of the property." Estate of De Castro v. Barry, 18 Cal. 97.

While the case of Freeman v. Rahm, 58 Cal. 111, supporting the same doctrine, seems to be criticised in Chever v. Ching Hong Poy, supra, it is approved in the later case of Crew v. Pratt, 119 Cal. 149, 51 Pac. 42.

It is not necessary to consider the other questions discussed by counsel.

The judgment of the lower court is affirmed, with costs.

BASKIN, C. J., and BARTCH, J., concur.