[L. A. No. 3002. Department One.—November 30, 1912.]

## T. R. ARCHER, Respondent, v. KATIE HARVEY and L. A. HARVEY, Appellants.

APPEAL FROM JUDGMENT ON JUDGMENT-ROLL—EVIDENCE NOT REVIEWABLE —SUPPORT OF FINDINGS.—On an appeal from the judgment on the judgment-roll alone, the evidence is not reviewable, and its sufficiency to support findings adverse to a plea of the statute of limitations cannot be questioned.

ID.—STATUTE OF LIMITATIONS—CONTRACT TO CONVEY WATER-RIGHT— PERFORMANCE OF FUTURE LEGAL SERVICES—SPECIFIC PERFORMANCE. The statute of limitations does not commence to run against a cause of action to specifically enforce, as against the distributee of the estate of a deceased person, a written agreement of the deceased to convey to an attorney at law an interest in a water-right, in consideration of his services to be performed in appealing a case involving such right to the supreme court, until the final judgment of that court on the appeal, and, under section 337 of the Code of Civil Procedure, the cause of action is not barred until the expiration of four years thereafter.

ID.—DECREE DISTRIBUTING WATER-RIGHT—EFFECT OF ON INTEREST AC- QUIRED BY CONTRACT.—A decree distributing such water-right to an heir of the decedent as a part of her estate, did not have the effect to bar the interest acquired by the attorney under such agreement. This result follows, whether the agreement be construed to create in favor of the attorney an equitable interest in the water-right at the time of the decedent's death, or that no interest vested in him until, by performance after her death, he became entitled to conveyance.

ID.—EFFECT OF DECREE OF DISTRIBUTION—ADVERSE INTERESTS.—Under section 1666 of the Code of Civil Procedure, a decree distributing the estate of a deceased person to the heirs is not conclusive against one claiming as grantee from such heirs by an instrument executed after the death of the ancestor and before the decree, nor does it

bind third parties who claim an interest adverse to that of the testator or intestate.

APPEAL from a judgment of the Superior Court of San Bernardino County. F. F. Oster, Judge.

The facts are stated in the opinion of the court.

R. E. Bledsoe, for Appellants.

T. R. Archer, for Respondent.

SLOSS, J.—The defendants appeal from a judgment in favor of plaintiff. The appeal is taken on the judgment-roll alone.

The complaint alleges that on November 21, 1898, Hannah S. Skinner, the predecessor in interest of the defendants, entered into a written agreement with the plaintiff, Archer. By the terms of the writing, which is set forth at length in the complaint, Mrs. Skinner, in consideration of services performed for her by Archer as attorney and counsel in a cause entitled B. W. Cave et al. v. George W. Tyler et al., and of further services to be performed "in appealing said cause to the supreme court" and presenting it in said court, and the payment of one-half of the costs and court fees of such appeal, agreed to give to Archer one-half part of such water and water-rights in a certain cienega, as might be awarded to Mrs. Skinner in the aforesaid cause. Archer agreed to faithfully perform the services mentioned, and to pay one-half of the costs of appeal, in consideration of the one-half part of all said waters and water-rights. The complaint goes on to allege the performance by plaintiff of all the obligations on his part. It is alleged that plaintiff conducted the litigation in the action of Cave v. Tyler through two trials in the superior court, and two appeals to the supreme court, the final decision in said cause having been rendered on the fifth day of August, 1905. By that decision it was finally determined that the interest of Hannah S. Skinner, in the waters described in the contract, was and is "two inches of water, continuous flow, measured under a four-inch pressure of and from the waters of said cienega." There are further allegations as follows: Pending said litigation, in January, 1901, Hannah S.

Skinner died intestate, the owner of said two inches of water, and leaving her surviving two heirs at law, the defendant Katie Harvey, her daughter, and Robert Powell, her son. L. A. Harvey, one of the defendants, is the husband of Katie Harvey. The daughter became administratrix of her mother's estate. During the administration, the defendants acquired the interest of the son, Robert Powell, in said two inches of water, and, upon distribution of the estate of Hannah S. Skinner, the entire estate, including said two inches of water, was distributed to the defendant Katie Harvey. The defendants have ever since owned and held said two inches by such title. The defendant Katie Harvey, as administratrix, was, in 1901, substituted in her mother's place in said action of Cave v. Tyler, and thereafter said litigation was conducted by plaintiff under said contract for defendants at their request and with their knowledge and co-operation. Each of the defendants has at all times had knowledge of the contract and of its performance on plaintiff's part. It is alleged that the contract was and is fair and just to said Hannah S. Skinner and the defendants, and that the consideration to be received and actually received for the transfer of the water-right was and is reasonable and adequate. No part of said water-right has been conveyed to plaintiff, and defendants, notwithstanding a demand by plaintiff, refuse to convey it to him. The prayer is that defendants be required to specifically perform the contract by conveying to plaintiff one inch of said two inches of water.

The answer denies many of the foregoing allegations, and, in addition, pleads that the action is barred by the provisions of sections 336, 337, 338, and 339 of the Code of Civil Procedure.

On all these issues the findings were in favor of plaintiff, and a judgment was entered directing a conveyance as prayed.

But two points are made by the appellants. First. It is urged that the court erred in holding that the plaintiff's claim was not barred by the statute of limitations. It is difficult to see how his contention can be advanced on an appeal on the judgment-roll, in view of the fact that there is a finding that the action is not barred. On such appeal, the evidence is not before us, and its sufficiency to support the findings is, of course, not to be questioned.

But, apart from the finding on the statute of limitations, the other facts appearing would not have justified a conclusion that the action was barred. The complaint was filed on the twenty-ninth day of July, 1909. The decision of this court, finally adjudicating Mrs. Skinner's water-rights, was filed on August 5, 1905, less than four years theretofore. The action was one for the specific performance of a contract in writing, executed in this state. The plaintiff's obligation to appeal the case of Cave *v.* Tyler, and present it in the appellate court, was not fully performed until final judgment in that court. Even after the filing of the opinion in August, 1905, a rehearing might have been granted, and plaintiff might have been called upon to render further services. Until complete performance on his part, he was not entitled to demand a conveyance. (*Bartlett* v. *Odd Fellows' Sav. Bank,* 79 Cal. 218, [12 Am. St. Rep. 139, 21 Pac. 743]; *Thurber* v. *Meves,* 119 Cal. 35, 38, [50 Pac. 1063, 51 Pac. 536].) Under section 337, the only statutory provision of those pleaded by defendant which has any relevancy to the case, the plaintiff had four years within which to bring his action. This period, as we have seen, had not expired.

*Norton* v. *Bassett,* 154 Cal. 411, [129 Am. St. Rep. 162, 97 Pac. 894], cited by appellants, has no application to the facts of this case. That was an action to have a trust declared and for an accounting. The defendants were involuntary trustees, having succeeded to the legal title upon the death of a voluntary trustee. It was held that the cause of action accrued, and the statute began to run, as soon as the title descended to the defendants. The present action was not, like the one in the case cited, brought against the defendants as "dry, involuntary legal trustees." It was brought to compel the specific enforcement of an agreement to convey real property. Since the defendants were not purchasers or encumbrancers in good faith and for value, the obligation was enforceable against them "in like manner" as it could have been enforced against Mrs. Skinner, if she had been alive when the cause of action accrued. (Civ. Code, sec. 3395.) That the action was so regarded by defendants is shown by the fact that they pleaded section 337 of the Code of Civil Procedure, a section properly applicable to a suit to enforce a written agreement. But even if the complaint could be viewed as one

to enforce an involuntary trust, the appellants, by failing to plead section 343, the section applicable in cases like *Norton v. Bassett,* have waived their right to rely on this provision of the statute. (*Bank* v. *Wickersham,* 99 Cal. 655, [34 Pac. 444].)

Second. The contention is made that plaintiff was bound to present his demand for adjudication to the court in which the administration of Hannah S. Skinner's estate was pending, and that he is barred by the decree distributing the water-right of the decedent to the defendants. Notwithstanding some uncertainty in earlier rulings, the later decisions of this court are clear to the effect that a decree of distribution has no such effect. The decree under section 1666 of the Code of Civil Procedure "is conclusive as to the rights of heirs, legatees or devisees, but it is conclusive against them only *as* heirs, legatees or devisees,—only so far as they claim in such capacities. . . . It merely declares the title which accrued under the law of descents or under the provisions of the will." (*Chever* v. *Ching Hong Poy,* 82 Cal. 68, [22 Pac. 1081]; *Martinovich* v. *Marsicano,* 137 Cal. 359, [70 Pac. 459]; *Cooley* v. *Miller & Lux,* 156 Cal. 510, [105 Pac. 981].) A decree distributing to the heirs is therefore not conclusive against one claiming as grantee from such heirs by an instrument executed after the death of the ancestor and before the decree. (*Chever* v. *Ching Hong Poy,* 82 Cal. 68, [22 Pac. 1081]; *Cooley* v. *Miller & Lux,* 156 Cal. 510, [105 Pac. 981].) Nor does it bind third parties who claim an interest adverse to that of the testator or intestate. (*Theller* v. *Such,* 57 Cal. 447; *Bath* v. *Valdez,* 70 Cal. 350, [11 Pac. 724]; *Barnard* v. *Wilson,* 74 Cal. 512, [16 Pac. 307].) It is immaterial, therefore, whether we say that, at Mrs. Skinner's death, the plaintiff owned an equitable interest in the water-right (*Howell* v. *Budd,* 91 Cal. 342, 351, [27 Pac. 747]), or that no interest vested in him until, by performance, he became entitled to conveyance. In the first alternative, he claimed adversely to the estate; in the second, his right was acquired after the intestate's death, against the heirs. In neither view was his claim affected by the fact that the court, sitting in probate, undertook to distribute the property to the heirs.

The judgment is affirmed.

Shaw, J., and Angellotti, J., concurred.