### CHURCH vs. QUINER, EX'R.
### (No. 1101. April 21st, 1924; 224 Pac. 1073.)

COURTS—PROBATE PROCEEDINGS—EXECUTORS AND ADMINISTRATORS—
CONTROVERSIES AS TO CONFLICTING ASSIGNMENTS OF INTEREST IN
ESTATE NOT WITHIN PROBATE JURISDICTION.

1.  Proceedings provided by Comp. Stats. 1920, Sec. 6974-6976
    for approval of the final report of an executor or adminis-
    trator and for distribution, and under Secs. 6979-6982 for
    the determination of rights of persons interested in an
    estate and all interest therein, and to whom distribution
    thereof should be made, do not include jurisdiction or.
    power in the probate court to determine the priority of
    conflicting assignments of a legatees' interest in an es-
    tate despite the provisions of Comp. Stats. 1920, Sec.
    6988.

2.  While in this State the district court is the court of gen-
    eral jurisdiction, and has by virtue of Art. V, Sec. 10 of
    the Constitution, jurisdiction "of all matters of probate,"
    yet in the exercise of it's probate powers, it's jurisdic-.
    tion is limited and special, and when it's acts in probate
    are without the limits of the special jurisdiction con-
    ferred they have no binding effect, even upon those who
    have invoked it's authority, since jurisdiction of the sub-
    ject-matter cannot be conferred by consent.

3.  The function of the court in probate, is to distribute the
    residue of the property of a deceased person among those
    entitled thereto, under the will or the laws of succession.

ERROR to District Court, Washakie County; PERCY W.
METZ, Judge.

Petition in probate court by James A. Quiner, Execu-
tor of the estate of Henry T. Church, deceased, for approv-
al of his final report and for distribution, to which Nellie
E. Church interposed objections. From an order overrul-
ing her objections she brings error.

*Brome & Hyde* and *Ingle & Demel,* for plaintiff in error.

The facts in this case are undisputed and the law appli-
cable thereto, seems clear; there was no authority on the

part of the executor to make payments until the decree of distribution had been entered; the executor did not have notice of the assignment to Nellie E. Church, dated April 12, 1919, until December 5th, of that year. The bank is not a bona fide purchaser for value; the only consideration for that assignment was an agreement to pay a pre-existing debt from which assignor had been discharged in bankruptcy; the executor had no authority to pay anybody. Where several conflicting equitable assignments have been made, the order of assignment determines the order of priority, but where a subsequent assignee has acquired the legal title for a valuable consideration without notice of a prior equitable assignment, he is usually protected, and as between several bona fide purchasers for value, that one is entitled to preference, who first perfects his assignment by notice to the debtor, 2 R. C. L. 627, 5 C. J. 956; an assignment in consideration of a pre-existing debt is not entitled to priority although taken without notice of prior assignment; The Elmbank, 72 Fed. 610; the judgment should be reversed.

*C. A. Zaring* and *R. B. West* for defendant in error.

The assignment to the Manderson State Bank should have priority, Lambert v. Morgan, 110 Md. 1; under the facts in this case the rule is supported by the greater number of authorities, Dearle v. Hall, (Eng.) 3 Russ. 1; Clark v. Kimball, (Can.) 4 B. C. 503; Lacledee Bank v. Schuyler, (U. S.) 120 U. S. 511; Graham P. Co. v. Pembroke, (Cal.) 56 Pac. 627; Nat'l Bank of Rep. v. Co., (D. C.) 17 App. Cases 124; Iowa Bank v. Hewitt, 3 Ia. 102; Lambert v. Morgan, 110 Md. 1, 17 Ann. Cas. 439; Lbr. Co. v. Necomb, (Miss.) 30 So. 608; Houser v. Richardson, 90 Mo. 134; Gamble v. Carlisle, 6th Ohio Dec. 48; Jack v. Bank, (Okla.) 89 Pac. 219; In re Philips, 205 Pa. 525; Pom. Equi. Juris., Sec. 695, Vol. 2, 2 R. C. L. 627; both assignments were for pre-existing debts; a pre-existing debt is a valuable consideration; the bank did not attend the creditor's

meeting in bankruptcy, nor prosecute their claim there, by reason of the assignment; this constitutes a good consideration, 6 R. C. L. 658, 4 Elliott, Con. 620, 13 C. J. 315; 7 C. J. 412; payment without an order of distribution is not illegal, Griffen v. Warburton, 62 Pac. 765; Methven v. Co. 66 Fed. 113; the executor's promise to pay the bank was enforceable by suit, 5 C. J. 937; a question as to the jurisdiction of the probate court having been suggested during the argument defendant in error submits the following authorities on that point, Art. V, Sec. 10, Wyo. Const.; Estate of Davis, (Wyo.) 69 Pac. 412; this action is based on 6974 C. S., a Probate Section et seq. Equitable questions are not within probate jurisdiction; in the Howe case distribution was made subject to a judgment lien and the claims of an assignee of an heir, Howe Estate, 118 Pac. 515; it is distinguishable from the case at Bar, Martinovich v. Marsicano, 70 Pac. 459; distribution is a special proceeding within probate jurisdiction, Smith v. Westerfield, 88 Cal. 374, 26 Pac. 206; Estate of Burton, 93 Cal. 459, 29 Pac. 36; Estate of Joseph, 118 Cal. 660, 50 Pac. 768; Estate of Blythe, 110 Cal. 226, 42 Pac. 641; the probate court had power to determine to whom distribution should be made, Church v. McMillian, 72 Wash. 502; Estate of Davis, 71 Pac. 757; the question here was within the probate jurisdiction, 6974-6988 C. S., Rice v. Tilton, 14 Wyo. 109; 24 C. J. 490; Ann. Cas. 1913B, 84; May v. McCracken, 92 N. E. 355.

*Brome & Hyde* and *Ingle & Demel* in reply.

The decree of distribution is conclusive as to the interests of assignees, Hopkins v. White, 128 Pac. 780; the assigns are interested parties brought in by notice, In re Rankins' Estate, 127 Pac. 1034; Conroy's Estate, 93 Pac. 205; In re Howe's Estate supra might lead to a contrary opinion, see Springenberg v. Springenberg, 126 Pac. 382; Dunn v. Wallingford, 155 Pac. 351, 426 C. S.; Probate courts in the settlement of estates have the power of a

court of equity to determine conflicting interest of heirs and others in appropriate proceedings, Henry's Estate, 86 Pac. 842, Yoells Estate 129 Pac. 1005; Davis Estate, 71 Pac. 757; Washington has a more limited probate jurisdiction, Decker's Estate, 177 Pac. 718; Blackinton's Estate, 158 Pac. 492; the question turns upon the effect of the statute, 18 Cyc. 654; the question was not raised by respondent in either court; he brought plaintiff in error in, and compelled her to litigate the matter; he had notice of both assignments and of the fact that the assignment of plaintiff in error was first in time; he should be required to pay her.

KIMBALL, Justice.

Henry T. Church died testate April 11, 1919. Almon J. Church, son of the decedent and one of the residuary legatees named in the will, made two conflicting written assignments of his interest in the estate. One bears date April 12, 1919, and purports to assign all his interest in the estate to his wife, the plaintiff in error. The other bears date April 19, 1919, and purports to assign a part of the same interest to the Manderson State Bank. Neither assignment contains any reference to the other. On June 14, 1919, the defendant in error was appointed executor of the will. On June 16, 1919, the assignment to the bank was presented to the executor who endorsed thereon a purported acceptance and promise to pay it. On or about December 6, 1919, the assignment to the plaintiff in error was presented to the executor. Thereafter the executor paid out of the funds of the estate the amount called for by the assignment to the bank, and in his final report asked credit for that amount as a charge against the distributive share of the legatee. After the filing of this report, which was accompanied by a petition for distribution of the estate, the plaintiff in error, as assignee of all the interest of said legatee, filed objections to the report, claiming that the assignment to her was prior and supe-

rior to the one to the bank, and that she was therefore entitled to said legatee's share undiminished by the payments to the bank. At the hearing of the objections the executor (defendant in error) acted as plaintiff asserting the priority of the assignment to the bank, and the objecting assignee (plaintiff in error) acted as defendant asserting the priority of the assignment to herself. Evidence was submitted by both these parties. The bank was not a party to the proceeding and made no appearance therein, though some of its officers testified as witnesses for the executor. At the conclusion of the hearing the court made an order overruling the objections, and the proceeding in error is for review of that part of the order finding and adjudging that the assignment to the plaintiff in error was inferior to the assignment to the bank, and allowing the executor to take credit for the amount paid the bank.

After the case was taken under advisement in this court we came to doubt whether the district court sitting in probate had jurisdiction to decide the point in issue. No such question had been raised by either party in the district court or here, and we therefore thought it advisable to give counsel an opportunity to present briefs on the point. We did this, and in both briefs filed in response to our suggestion it is contended that the district court had jurisdiction. Needless to say, in these circumstances, we would be happy to overlook the question of jurisdiction or to decide it in accordance with the views of counsel, if we could do so without setting what would seem to us to be a bad precedent in the probate practice. After a somewhat painstaking investigation we are driven to the conclusion that the probate jurisdiction of the district court does not include the power to determine the priority of conflicting assignments of a legatee's interest in the estate.

While in this state the district court is the court of general jurisdiction, and the same court has by the constitution (§10, Art. 5) jurisdiction "of all matters of probate,"

yet, in the exercise of its probate powers, its jurisdiction is limited and special, and when its acts in probate are without the limits of the special jurisdiction conferred, they have no binding effect "even upon those who have invoked its authority." In re Black's Estate (Wyo.), 216 Pac. 1059, 1063. Where, as in Wyoming, the same court that has jurisdiction in probate has also general jurisdiction, the separation of its powers exercised in probate from those exercised in actions at law or in equity might at first seem the result of a merely technical rule of no practical importance; but when it is borne in mind that the court in probate having jurisdiction of the estate can for many purposes acquire jurisdiction of the persons interested in the estate without any actual notice to them, the substantial nature of the distinction, as well as the importance of maintaining it in practice, becomes clear. We deem it unnecessary to refer to other reasons for confining the probate jurisdiction to "matters of probate," as defined by law.

It is laid down as a general principle that probate courts have no power to investigate the validity of an assignment of an interest of an heir or legatee unless that power be expressly conferred by statute. Woerner on Administration (3rd Ed.), §§ 151, 563. We think our statutes when examined with a proper regard for the decisions in California and in other states which, like Wyoming, have adopted in substance the California probate code, do not mean that questions of priority of conflicting assignments by a legatee shall be matters of probate.

The issues between parties claiming the right to participate in the final distribution of an estate may be determined in one of two separate proceedings provided for in the probate code. See, Black's Estate, supra, at page 1061 of 216 Pac. The proceeding in the case at bar was upon the petition of the executor in connection with his final settlement. C. S. 1920, §§ 6974-6976. It is true that a no-

tice by publication in a proceeding under sections 6974 to 6976 is sufficient to give the court jurisdiction of all persons interested in the estate. It is true, also, that assignees of an heir or legatee are interested in the distribution of the estate, for their assignments may be rendered worthless by a decree that their assignor is not entitled to his claimed distributive share. In re Crook's Estate, 125 Calif. 459; 58 Pac. 89; In re Steward's Estate, 1 Calif. App. 57; 81 Pac. 728; In re Davis' Estate, 27 Mont. 490; 71 Pac. 757. We need not decide that assignees are "persons interested" entitled to notice of all or any of the steps taken in the course of administration. It may be that where notice is required to be given to all persons interested in the estate, notice to the legatee is notice to the assignees also. The interests of the legatee and his assignees, so far as they ought to be affected by the distribution of the decedent's estate, are not conflicting and are all protected when the legatee's right to his claimed distributive share is established. Of course, assignees holding conflicting assignments, as in the case at bar, are interested in another question. Each is interested in maintaining the validity and priority of his assignment, but it is not to be argued that this is an interest in the estate; nor do we think it involves "any claims of heirship, ownership, or interest in said estate," within the meaning of section 6980. Whether the matter of the determination of heirship be before the court upon the petition of the executor, as in this case, or by the other proceeding provided for in sections 6979 to 6982, the object of the inquiry is the same, namely, to ascertain and declare the rights of all persons interested in the estate to whom distribution should be made, (C. S. § 6979), in order that it may distribute the estate "among the persons, who are by law entitled thereto, and in proportions as now provided by law." C. S. § 6974. The function of the court in probate is to distribute the residue of the property of the deceased

among those who are entitled thereto under the will or
the laws of succession.   Archer v. Harvey, 164 Calif. 274;
128 Pac. 410; Ryder's Estate, 141 Calif. 366; 74 Pac. 993;
More v. More, 133 Calif. 489, 65 Pac. 1044, 66 Pac. 76.   In
Ryder's Estate, supra, it was said that in California sec-
tion 1678 of the Code of Civil Procedure of that state is
the only section that authorizes distribution to any person
other than the heirs, legatees and devisees.   The same may
be said in Wyoming of our identical section (§ 6988)
which reads as follows:

"Partition or distribution of the real estate may be
made as provided in this chapter, although some of the
original heirs, legatees or devises may have conveyed
their shares to other persons, and such shares must be as-
signed to the person holding the same, in the same manner
as they otherwise would have been to such heirs, legatees
or devisees."

In considering the effect of this section the courts of
California have had frequent occasion to speak of the au-
thority of the courts in distributing an estate to determine
the rights of persons claiming under contracts with heirs
or legatees.   In 1891, when Wyoming adopted the probate
code, the last expression of the California Supreme Court
on this subject was the case of Chever v. Ching Hong Poy,
82 Calif. 68, 22 Pac. 1081, decided in 1889, where it was
said that the decree of distribution has nothing to do with
contracts or conveyances which may be made by heirs, de-
visees or legatees of or about their shares of the estate,
and intimated that section 1678, supra, of the California
code could have been intended at the most to apply to
admitted claims.   The court refused to follow Freeman
v. Rahm, 58 Calif. 111, which contains some expressions
that might sustain a different view.   It has sometimes
been thought that later cases threw doubt upon the au-
thority of Chever v. Ching Hong Poy on this point and ap-

proved Freeman v. Rahm, but that this is not so is clearly shown by the later cases. Martinovich v. Marsicano, 137 Calif. 359, 70 Pac. 459; Cooley v. Miller & Lux, 156 Calif. 510, 105 Pac. 981; Howe's Estate, 161 Calif. 152, 118 Pac. 515.

In Martinovich v. Marsicano, supra, it was said that "matters of probate" do not include the determination of conflicting claims to the estate of an heir or devisee, or whether he has conveyed or assigned his share of the estate. The court took occasion to refer to some expressions in other cases to the effect that under the notice for distribution the whole world is brought in, and said that those expressions must be construed in connection with the subject matter before the court and the court's jurisdiction to distribute only the estate of which the decedent was possessed at the time of his death.

In Howe's Estate, supra, it was said that whenever the fact of a conveyance from an heir, devisee or legatee is in dispute, or where its validity or effect is an issue upon the distribution of the estate, the determination of that question is not a matter within the probate jurisdiction of the court. We cannot agree with counsel that what was said in regard to this point in Sprangenberg v. Sprangenberg, 19 Calif. App. 439, 126 Pac. 379, or Gamble's Estate, 166 Calif. 253, 135 Pac. 970, was intended to approve or establish any different rule, and think Howe's Estate is in accordance with the other approved cases in California.

The same rule has been announced in other states having similar probate codes. In Utah the case of Snyder v. Murdock, 26 Utah 233, 73 Pac. 22, approved Freeman v. Rahm, supra, but Dunn v. Wallingford, 47 Utah 491, 155 Pac. 347, passed the point as doubtful, and Miles' Estate (Utah) 223 Pac. 337, seems fully to approve the view announced in Howe's Estate, supra. In Montana, in upholding distribution to an assignee where the assignment had not been questioned, it was said that the validity of

disputed assignments of a distributive share cannot be tried or determined by a court sitting in probate. Davis' Estate, 27 Mont. 490, 71 Pac. 757. The same rule is recognized by Washington (Decker's Estate, 105 Wash. 221, 177 Pac. 718) and Idaho (Blackinton's Estate, 29 Ida. 310, 158 Pac. 492).

In Weidenhoft v. Primm, 16 Wyo. 340, 352, 94 Pac. 453, this court, when considering the right to appeal from the judgment of the district court in a proceeding to determine heirship under sections 6979 to 6982, supra, quoted from Burton's Estate, 93 Calif. 459, 461, 29 Pac. 36, for the purpose of illustrating an argument upon the question then under consideration but without having in mind or intending to decide any question as to the jurisdiction of the district court. The language quoted, and other expressions in Burton's Estate, would seem to authorize the drawing of a distinction between the powers of the district court when acting under sections 6974 to 6976 and its powers when acting under sections 6979 to 6972. As we have said, we think the court's functions in the two proceedings are the same, and so far as the case of Burton's Estate holds the contrary, and supports the view that in either of the proceedings to determine heirship the court has jurisdiction to settle the validity of a disputed assignment, we believe it to be out of harmony with the other cases which we approve.

The legatee in the case at bar admitted that he signed and delivered both assignments. In many of the cited cases the heir or legatee himself denied the validity or effect of the writing, and counsel seek on that ground to distinguish those cases from this. We can see no distinguishing feature. If there be any difference at all, it would seem that a dispute between two assignees would be more remote from the "matter of probate" than a dispute between an heir and an assignee.

We think the want of jurisdiction is of the subject matter and it is therefore unnecessary to consider the contention that the bank would have been bound by the decision because some of its officers testified at the hearing. Jurisdiction of the subject matter cannot be conferred by consent.

. The executor, by paying the bank, created an awkward situation. As between the two assignees he, as executor, was entirely disinterested. So was the estate. We see no good reason why the executor should have put himself in a position where he felt called upon to litigate, apparently at the expense of the estate, the claim of one assignee against the other. The assignments need not have interfered at all with the distribution of the estate. The court could have ordered the executor to distribute the amount in controversy to the legatee, and thereafter the executor, as a stakeholder, would have held it subject to all assignments of which he had notice.

The order of the district court should be modified so that it will carry out as nearly as possible the views herein expressed. The case will be remanded with directions to modify the order by striking therefrom the finding that the assignment to the plaintiff in error was inferior to the assignment to the bank, and substituting therefor a finding that the court has no jurisdiction to determine that question; by disallowing the executor's claimed credit for the amount in controversy and directing the distribution of that amount to the legatee subject to the assignments. This will leave the issues affecting the rights of the assignees to be settled in any proper manner.

Our order will provide that neither party recover costs in this court.

POTTER, Ch. J., and BLUME, J., concur.

NOTE—See 15 C. J. pp. 804, 1008, 1009 (1925 Anno), 1010; 24 C. J. p. 517 (1925 Anno).