## LOCKARD v. LOCKARD.

Under Rev. Code Civ. Proc. § 33 providing that the circuit courts are always open to hear and determine actions except issues of fact in civil and criminal actions, where an action was tried, and judgment rendered when the court was not regularly in session for the trial of contested cases, the judgment was not void, but merely erroneous, and a motion to vacate when no motion for new trial was entered and no appeal taken within two years was properly denied.

(Opinion filed, January 3, 1907.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Edwin J. Lockard against Alida S. Lockard. From an order refusing to vacate a judgment in favor of plaintiff, defendant appeals. Affirmed.

*W. D. Scott* and *Aikens* & *Judge,* for appellant. *Bailey* & *Voorhees,* for respondent.

CORSON, J. The only question presented by this appeal is as to whether or not a judgment entered in said cause in August, 1902, was void, or merely erroneous. No motion was made in the action for a new trial, and no appeal taken from the judgment entered within two years. In May, 1905, the defendant moved to vacate and set aside the judgment as void, and from the order denying that motion this appeal is taken. The appellant frankly concedes that if the judgment was not void, but merely erroneous, the circuit court properly denied her motion.

The motion was made upon a number of grounds, but the following only are relied upon for reversal in this court: That the court did not have jurisdiction to render and enter said judgment by reason of the fact that said defendant was not properly apprised of the time and place of trial; that no notice of trial was ever legally served on the defendant, nor on any one authorized by her to accept said service; and that the action was tried and judgment rendered at a time when there was no regular or special term of the court in session; that the court did not have jurisdiction to render and enter said judgment for the reason that said case was not properly placed upon the regular calendar of said circuit court, or tried at a regular or special term thereof; and that the said judgment entered in favor of the plaintiff and against

the defendant on the 18th day of August, 1902, is void, and an absolute nullity. It is disclosed by the record that an answer was filed by the defendant to the complaint and that some time prior to the 18th of August, 1902, it is claimed by plaintiff that a notice was served on the defendant that the cause would be called for trial at that time; that on said date the cause was tried by the court, and findings were made, and judgment entered in favor of the plaintiff; that at the time said case was tried and judgment entered, the circuit court was not regularly in session for the trial of causes, and that the defendant was neither present in person, nor represented by counsel at the trial of said action. It is contended by the appellants that the decree therefore entered by the circuit court was absolutely null and void, the court being without jurisdiction at that time to try the said action, and enter a judgment therein.

It is contended by the respondent, in support of the ruling of the trial court, that as the court had jurisdiction of the subject-matter, the person of the defendant, and jurisdiction of the particular matter which the judgment professed to decide, its judgment was in any event only irregular or voidable, and no appeal having been taken from the judgment within the two years prescribed by the Code, the court was clearly right in denying plaintiff's motion to vacate and set aside the same. The respondent concedes, as we understand his counsel, that the court at the time the judgment was entered was not regularly in session as a court for the trial of contested cases, but he contends that, under the provisions of the Code of this state, the circuit court is always in session, and that, therefore, the trial of the action was in no event more than irregular or voidable, and could only be reversed upon proper proceedings taken on appeal from the same within the time prescribed by the statutes.

There is some conflict in the evidence adduced on the hearing of the motion as to whether or not the notice of trial was duly served upon the defendant; but as the court found and recites in its judgment that due notice had been served upon the defendant that recital must be taken as true by this court. Whitfield et al v. Howard, 12 S. D. 355, 81 N. W. 727. By section 33, Rev. Code

Civ. Proc., it is declared that the circuit courts are always open for the purpose of hearing and determining all actions, * * * except issues of fact in civil and criminal actions.   Under the provisions of the Code, therefore, circuit courts are practically always open, and the distinction recognized at common law between terms of courts and the time courts are in vacation would seem to have but little application to the circuit courts under our Code.   While it may be true that a circuit court cannot properly try issues of fact except at a regular or special term of the court, without the consent of the parties, still, if the court has jurisdiction of the subject-matter and the party, its proceedings in trying an issue of fact at a time other than that provided by law will not, in our opinion, render a judgment void, but it will be irregular or voidable only.

Jurisdiction is usually defined as the power to hear and determine, but this definition has been enlarged by the Supreme Court of California in Ex parte Bennett, 44 Cal. 88, in which Chief Justice Wallace, speaking for the court, thus defines jurisdiction: "Jurisdiction has often been said to be 'the power to hear and determine.'   It is in truth the power to do both or either—to hear without determining, or to determine without hearing."   The court in the case at bar clearly had jurisdiction of the subject-matter, and of the person of the defendant, and having such jurisdiction its determination cannot, in our opinion, be regarded as void, al·though possibly irregular and erroneous.   It seems to be the rule that a judgment of a court of general jurisdiction is conclusive unless the want of jurisdiction in the court over the parties or subject-matter appears by the judgment itself.

Mr. Black in his work on Judgments in section 218 uses the following language: "The result deducible from a majority of the cases seems to be that it is only when the judgment appears upon its face to have been rendered without jurisdiction that it can be considered a mere nullity for all purposes."   And it seems to be a well-settled rule that when a court has jurisdiction of the subject-matter and of the person, no error committed by it in the course of its proceedings will render the judgment void.   Mr. Freeman in his work on Judgments in discussing this subject in section 135

says: "Jurisdiction being obtained over the person and over the subject-matter, no error or irregularity in its exercise can make the judgment void. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed." And in section 135a the author also says: "In the preceding section we have shown by numerous citations that when jurisdiction over both the parties and the subject-matter is once obtained, no error committed in the exercise of that jurisdiction can make the proceedings or judgment of the court void." This was the view taken of a judgment by the Supreme Court of the United States in the early case of Elliott v. Peirsol, 1 Pet. (U. S.) 328, 7 L. Ed. 164, in which that learned court uses the following language: "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court."

The Supreme Court of Illinois in Maloney et al. v. Dewey et al., 127 Ill. 402, 19 N. E. 848, in discussing this subject says: "The general rule is that where it is once made to appear that a court has jurisdiction, both of the subject-matter and of the parties, the judgment or decree which it pronounces must be held conclusive and binding upon the parties thereto and their privies, notwithstanding the court may have proceeded irregularly, or erred in its application of the law in the case before it." And the Supreme Court of California in Chase v. Christianson, 41 Cal. 253, held as appears by a headnote that "if the court has jurisdiction of the subject-matter, and acquires jurisdiction of the person of defendant, the decision of all other questions arising in the cause is but the exercise of that jurisdiction, and an erroneous decision of any of these other questions cannot impair the validity and binding force of the judgment, when brought in question collaterally." And in the case of Tallman v. McCarthy, 11 Wis. 406, the Supreme Court of Wisconsin, speaking by Chief Justice Dixon in discussing the question of the validity of an order made by the court, uses the following language: "No order which a court is empowered under any circumstances in the course of a proceeding over which it

has jurisdiction, to make, can be treated as a nullity merely because it was made improvidently, or in a manner not warranted by law, or the previous state of the case. The only question in such a case is: Had the court or tribunal, the power, under any circumstances, to make the order or perform the act? If this be answered in the affirmative, then its decision upon those circumstances becomes final and conclusive, until reversed by a direct proceeding for that purpose." In states where the common law is in force, and a distinction between terms of court and vacation is fully recognized, cases are found in which it is held that when a judgment is rendered in vacation in an action without the consent of the parties, such judgment is void, but as before stated, these decisions have but little application in this state where the courts are declared to be always open for the transaction of court business, except for certain purposes, and where special terms may be called at any time by the court for the trial of causes. The court, by its decision in this case, must necessarily have determined that it had jurisdiction, and this determination must be held conclusive not having been reversed or modified under proceedings taken for that purpose within two years after its entry and the filing of the judgment roll, there being nothing on the face of the judgment indicating that there was any want of jurisdiction in the proceedings of the court.

It appears from the record in this case that the defendant was fully advised of the entry of this judgment as early as October, 1902, but took no steps whatever to secure a new trial, or appeal the case to the Supreme Court. It is claimed by the appellant that she received no notice that the trial would be had in August, 1902; but it is recited by the court in its judgment that due notice was served upon her, and we think this recital is fully sustained by the evidence, and that she had an opportunity if she so desired to appear at the trial and object to the proceedings, but not having appeared there in person or by attorney, this court, in support of the judgment, may presume that the case was tried and the judgment rendered with her consent. In many of the cases cited by appellant's counsel, in which a judgment rendered in vacation was held void, it seems to have been generally admitted

by the courts so holding, that if the judgment had been rendered by the consent of the parties, the judgment would not have been void. We think the rule as laid down by Mr. Black, above quoted, that unless it affirmatively appears upon the face of the judgment that a court rendering the same had no jurisdiction to render it, the judgment cannot be held void, and unless reversed or vacated within the time prescribed by law, it is conclusive. To hold that a judgment apparently valid upon its face, where the court has jurisdiction of the subject-matter and the person, can be set aside and vacated as void after the time prescribed by the statute in which an appeal would be taken or motion made to vacate and set aside the same would be to establish a dangerous doctrine, and one that would weaken the faith of the community in the conclusiveness of judgments.

We are of the opinion, therefore, that the court was clearly right in denying appellant's motion and the order of the court denying the same is affirmed.

HANEY, J. (concurring specially). A special term may be held at any time without notice to the public. The trial of an issue of fact, arising upon a material allegation in a complaint controverted by the answer, is, in effect, the holding of a special term. Failure to file a formal order for such special term may be an irregularity, but cannot render the results of such a trial void. Notice of trial in this case was properly given by leaving it at defendant's residence, in another state, with a person of suitable age and discretion. Rev. Code Civ. Proc. § 553, subd. 2. This is so notwithstanding the defendant might have been served in the manner provided by section 559. The latter is cumulative, not exclusive of the former, and a less reliable method of obtaining the object intended. For these reasons, I think, the judgment was not void, and that the order appealed from should be affirmed.

FULLER, P. J., dissenting.