## BARRETT vs. WHITMORE ET AL.

(No. 1053, May 20th, 1924; 226 Pac. 452.)

EXECUTORS AND ADMINISTRATORS—PROBATE LAW—VOIDABLE DECREE
—JUDGMENT—NUNC PRO TUNC ENTRY—JURISDICTION IN PROBATE
—COURTS—DISPOSITION OF ESTATE—SUBSTITUTION.

1. A decree of settlement of final account, made at, and based
   on, a hearing outside the judicial district where adminis-
   tration was pending, and where final account and petition
   for distribution had been noticed for hearing, was irreg-
   ular and voidable.

2. Where a decree of settlement of final account was voidable
   because rendered outside the district where administra-
   tion was pending, *held*, that a decree subsequently ren-
   dered within proper district settling accounts and award-
   ing distribution should not have been a·nunc pro tunc
   entry, but should have been preceded by hearing after
   vacating first decree.

3. The office of a nunc pro tunc entry is to supply omissions
   from the record.

4. Though rendition of a decree of settlement of final account
   and distribution should be preceded by hearing, a decree,
   without hearing, is not void, but merely irregular or er-
   roneous, and is effective as to all matters within the pro-
   bate jurisdiction of the court, in so far as their determina-
   tion did not prejudice any rights asserted by contestant.

5. On the hearing of a petition for settlement of final account
   and distribution, contestant's disputed claim to assign-
   ment of a beneficiary's share was not within the probate
   jurisdiction of the district court, and such share should
   have been ordered paid to beneficiary subject to rights of
   contestant under an alleged assignment.

6. On hearing of a petition for settlement of final account and
   distribution, the district court has probate jurisdiction,
   under Comp. St. 1920, §§ 6983, 6984, 6995, to determine
   claims of contestant to shares of other beneficiaries be-
   cause of advancements made to latter.

7. Where, pending proceeding in error from a decree of set-
   tlement of final account and distribution, defendant in
   error administrator dies, and plaintiff in error succeeds
   as administrator, and determination in the Supreme Court

will disturb decree of distribution only, motion for plaintiff in error's substitution will be denied.

Error to District Court, Sweetwater County, Volney J. Tidball, Judge.

On final accounting and petition for distribution by Tom Whitmore, administrator of the estate of Mary Barrett, deceased, the Court entered its decree of settlement of final account and distribution, from which Mary Barrett, contestant brings error.

*Kinkead, Ellery* and *Henderson, Herbert Van Dam, Jr.* and *P. W. Spaulding* for plaintiff in error.

The decree of settlement is void for want of notice; administrator's supplemental account was filed without notice; it is a part of the final account; both were filed pursuant to 6974 Comp. Stats.; there is no statutory authority for the filing of a supplemental account; 5712 Comp. Stats. does not authorize it; being analagous to a supplemental pleading it was a mere continuation of the original; Harrington v. Slade, (N. Y.) 22 Barb 161-166; Pouder v. Tate, 132 Ind. 327, 30 N. E. 880; the decree of settlement on supplemental account is void, Dray v. Bloch, (Ore.) 45 Pac. 772; In re Ripley 167 N. Y. S. 163; 11 R. C. L. 186; 18 Cyc. 1124; 2 Church P. L. 1632; notice is jurisdictional, Dogan v. Brown, 44 Miss. 235; Picot v. Biddle, 86 Am. Dec. 134; Teynor v. Heible, (Wash.) 133 Pac. 1; published notice was insufficient as to time, Chapter 144, Laws 1921; Section 5703 does not apply, as four weeks publication requires twenty-eight days, Myakka v. Edwards, 68 Fla. 372, 67 So. 217; Finlayson v. Peterson, 67 N. W. 953; Bank v. Bank, 89 N. Y. 397; Dever v. Cornwell, (N. D.) 86 N. W. 227; Wilson v. Ins. Co., 65 Fed. 38; Wilson v. Thompson, (Minn.) 3 N. W. 699; Wade on Notice, Sec. 1105; Foster v. Vehmeyer (Cal.) 65 Pac. 974; 32 Cyc. 490; Bouchier v. Hammer, (Wis.) 123 N. W. 132; the decree issued at Laramie is void; the court in entering its nunc pro tunc order

recognizes it's invalidity, 7 R. C. L. 992; Bell v. Jarvis, 107 N. W. 547; Brd. v. Qwinn, (Ind.) 36 N. E. 237; Raarerdondo v. Raarerdondo, 223 U. S. 376; the court erred in striking the petition of plaintiff in error for the vacation of the decree of settlement, 23 Cyc. 901, 15 R. C. L. 716; the term had expired, Lumber Co. v. Bank 22 Wyo. 302; O'Keefe v. Foster, 5 Wyo. 343; 23 Cyc. 905; the decree being void could be set aside at a subsequent term, 23 Cyc. 913; Evans v. Ry. Co., (Mont.) 149 Pac. 715; Godfrey v. Wright, (Wis.) 139 N. W. 193; petition to vacate was not challenged, 21 R. C. L. 596; 31 Cyc. 619; this proceeding in error is based on the record, Grover Co. v. Ditch Co., 21 Wyo. 204; Nichols v. Board, 13 Wyo. 1; Patrick v. State, 17 Wyo. 260; Palmer v. State, 24 Wyo. 218; the motion to strike admitted the facts alleged in the petition, 31 Cyc. 161; the Judge must act as a court in a hearing on a final account and for distribution, Chapter 444 C. S.; the Judge was without power to act in another District, 23 Cyc. 675; Dobbs v. State (Okla.) 115 Pac. 370; Sawyer v. Huning, (Ariz.) 181 Pac. 172; Kirkby v. Ry. Co., (Colo.) 116 Pac. 150; matters requiring court action cannot be disposed of outside the district, 15 C. J. 817; Baff v. Waller, (Ia.) 165 N. W. 308; Eichoff v. Caldwell, (Okla.) 151 Pac. 860; the nunc pro tunc order was based upon the prior hearing had outside the district and is void.

*N. R. Greenfield*, for James Barrett, defendant in error.

Notice of settlement was published four successive weeks; it is sufficient as to form and period of publication; any possible defect therein was waived; it was complete on date of fourth publication, Calvert v. Calvert (Colo.) 24 Pac. 1043; Banta v. Woods, 32 Ia. 469; Davis v. Huston, 54 Neb. 28; no objection was made to the final account, hence objections to the supplemental account are without merit; the court had complete jurisdiction, Anderson v. Mathews, 8 Wyo. 311; Bissenger v. Weiss, (Wyo.) 195 Pac. 527; Estudillo v. Co., (Cal.) 109 Pac. 884;

upon settlement of final account, distribution is required, 6974 C. S.; probate courts are without jurisdiction to pass upon the validity of assignments of interest as between heirs; an heir may contract about or convey title to his , interest, the force of such a conveyance not being affected by a subsequent decree of distribution; Chever v. Ching Hong Poy, 82 Cal. 68, 22 Pac. 1080; Teller v. Such, 57 Cal. 447; Bath v. Valdez, 70 Cal. 350, 11 Pac. 724; Barnard v. Wilson, 74 Cal. 512, 16 Pac. 307; More v. More, 133 Cal. 489, 65 Pac. 1044; Martinovich v. Marsicano, 137 Cal. 357, 70 Pac. 459; probate jurisdiction is special and limited, State v. Bush, (Mont.) 153 Pac. 1022; the validity of assignments of interest cannot be determined on petition for distribution; the petition to vacate the decree of final settlement presented no question which the probate court had power to entertain or decide; the order made on April 24, 1920 was valid there being no contest.

*T. S. Taliaferro, Jr.* for Whitmore, Administrator.

The regularity of the Court's proceedings are presumed; no objection to final settlement was filed; the supplemental account directed the court's attention to process served upon the administrator, admits not offering his final account or distribution of the estate; four weekly insertions of notice was sufficient, 5703 C. S.; the relief sought by plaintiff in error was in the nature of an application for rehearing, 5870 C. S., the Judge had jurisdiction to render his decision in another county, Bissinger & Co. v. Weiss, 195 Pac. 527; the petition to vacate the decree of distribution was without force or effect, since it stated no legal ground for vacating or modifying the decree; 5923 C. S., Patrick C. and Joseph E. Barrett were without interest, Ditch Co. v. Peterson, 18 Wyo. 402; error predicated upon an erroneous ruling upon the admission of evidence must show a proper offer, Bank v. Henry, 22 Wyo. 192; White v. State, 22 Wyo. 141; Bank v. Bank, 24 Wyo. 433; Stanton v. Co., 25 Wyo. 141; the order made

in Albany County was valid, Bissenger v. Weiss, supra, the published notice was sufficient, 5703 C. S.

*Kinkead, Ellery* and *Henderson* in reply.

The notice required is jurisdictional, 6974 C. S., its defects were not waived, Childers v. Lahann, (N. M.) 138 Pac. 202, the terms "reports" and "accounts" are used interchangeable in probate proceedings, Heizer v. Smith (Cal.) 71 Pac. 181; the hearing at Laramie was void, 5729 C. S., since it involved trial of an issue of fact; 5733 C. S. does not apply, Hanldy v. City, (Ore.) 108 Pac. 188; time and place are essentials of jurisdiction, Rainey v. Ridgway, (Ala.) 43 So. 843; there was no jurisdiction to act at Laramie, Williams v. Reutzel, 29 S. W. 374; Belford v. State, (Ark.) 131 S. W. 953; State v. Hall, 221 S. W. 798; irrespective of objections filed, it is the duty of the court to carefully examine a final account, 6974 C. S., In re Hite's Estate (Cal.) 101 Pac. 448; In re Wylie's Estate, (Cal.) 73 Pac. 998; and this must be done within the dates evidence was taken and hearing had; the proceeding was not ex-parte; it is unnecessary to note an exception to a final judgment in the court, which renders it, Grover Co. v. Ditch Co., 21 Wyo. 204; Nichols v. Commr's. 13 Wyo. 1-6.

Kimball, Justice.

Mary Barrett died intestate December 11, 1912, survived by four children, Mary, James, Patrick C. and Joseph E. The estate was administered in Sweetwater County which, at the times herein mentioned, was in the third judicial district. In 1914, the judge of that district deeming himself disqualified to act in the estate, Judge Tidball of the second judicial district was called in to take charge of the matter. The administrator's final account and petition for distribution were filed November 7, 1919, and a notice thereof given by publication pursuant to section 6974 Wyo. C. S. 1920. Assignments of error questioning

the sufficiency of this notice have been abandoned by plaintiff in error. The time as provided by the published notice and the statute aforesaid, for filing objections to said account and petition, expired December 28, 1919, and the notice recited that final settlement would be made at the court house at Green River, the county seat of Sweetwater County, at 2 o'clock p. m., December 29, 1919, or as soon thereafter as the matter might be heard.

On April 17, 1920, the account and petition for distribution being still pending and undisposed of, the administrator filed a supplemental report. Assignments of error questioning the right of the court to act upon this supplemental report without notice having been given of its filing have also been abandoned by the plaintiff in error.

On April 24, 1920, no objections having been filed, Judge Tidball, while at Laramie in the second judicial district, signed a decree of settlement of final account and of final distribution of said estate which, among other things, recited that said final account, petition for distribution and supplemental report came on regularly to be heard on said day, there being present the administrator and James Barrett, and that the facts found appeared "from the said reports and petition and the evidence adduced at said hearing." From these recitals and other things appearing in the record we think it clear that the hearing on which the decree was based was held at Laramie.

Only a few of the provisions of this decree need be noticed. The administrator's accounts were approved and settled. The four children above mentioned were decreed to be the heirs. The administrator having reported that James Barrett had assigned his interest in the estate to his sister, Mary Barrett, it was stated in the decree that there was not sufficient evidence to establish said assignment, and James Barrett's distributive share was ordered paid to him. The administrator having reported also that

on garnishment in an action wherein Joseph E. Barrett was defendant, the administrator had been ordered to hold moneys due said Joseph E. Barrett subject to said garnishment, and that by similar orders in two actions wherein Patrick C. Barrett was defendant, the administrator had been ordered to hold moneys due Patrick C. Barrett, it was provided in the decree that the amounts so held under garnishment should be paid by the administrator to the garnisheeing creditors out of the respective distributive shares of said defendants. On the day of its date the decree was transmitted to the clerk of the court of Sweetwater County by whom it was filed and entered.

On April 30, 1920, during the same term of court at which said decree was entered, Mary Barrett, Patrick C. Barrett and Joseph E. Barrett filed in the district court of Sweetwater County a so-called petition to vacate and set aside said decree on the ground, among others, that the decree was rendered on a hearing had in a county outside the judicial district where the estate was pending. From this petition to vacate it appears that the petitioners, particularly Mary Barrett, desired to raise two objections, which were stated as follows:

First: "That heretofore, to-wit, on or about the 2nd day of July, 1918, James Barrett, * * * for a valuable consideration released and relinquished by an instrument in writing all his right, title and interest in and to said estate to the said Mary Barrett."

Second: "That heretofore, to-wit, about seven years ago the said Patrick C. Barrett and Joseph E. Barrett in open court, in a hearing in respect of the above entitled estate and matter, and under oath, disclaimed any and all interest in said estate as heirs at law, and expressly stated that the property involved belonged to and was owned by your petitioner, Mary Barrett, and that they had been provided for by their mother before her death."

Because she had not had an opportunity to present these objections, Mary Barrett claimed she was prejudiced by that part of the decree finding that there was not sufficient evidence to establish the assignment from James Barrett to her, and by that part finding that Patrick C. Barrett and Joseph E. Barrett were entitled to distributive shares subject to the claims of the garnisheeing creditors.

The petition to vacate came on for hearing at Green River before Judge Tidball on June 9, 1920, the administrator and all heirs being present or represented. At this hearing the attorney for the administrator moved that the petition to vacate be stricken from the files, and the motion was sustained apparently on the ground that the petitioners had failed to file any objections to the administrator's final accounts and petition for distribution. After striking the petition to vacate, the court announced:

"I will just enter the original decree while I am in Green River to-day, so that that question cannot be raised, or I can enter a *nunc pro tunc* order to-day as of the date of the hearing at Laramie."

Thereupon the attorney for the heirs who had filed the petition to vacate made the following offer, viz:

"The petitioners offer at this time to introduce evidence to the effect that Joseph E. Barrett and Patrick C. Barrett do not and have not claimed for seven years last past any interest in the said estate; and that they now offer to introduce evidence to show that the interests of James Barrett in and to said estate have been assigned to the said Mary Barrett."

The court refused to hear the offered evidence, and thereupon the decree, as previously made at Laramie on April 24, was re-entered "*nunc pro tunc* as of the 24th day of April, 1920." From this decree Mary Barrett prosecutes this proceeding in error.

The plaintiff in error contends that the decree of April
24, either as a decree of that date or as a decree of June
9 *nunc pro tunc,* is void because based on a hearing held
at a place outside the judicial district where the matter
of the estate was pending and the final account and peti-
tion for distribution had been noticed for hearing. We
agree that that decree, as made April 24 at Laramie, was
at least irregular and voidable. In Schlissinger v. Cook,
8 Wyo. 484, 489, 58 Pac. 757, 759, it was said that:

"It is a general rule that all judicial business must be
transacted in court, unless the statute expressly provides
otherwise; and the doctrine is well settled that a judge
out of court has no authority to perform strictly judicial
business, or to make decisions or orders which, for their
validity, depend upon the judicial power of the court,
unless expressly authorized by statute to do so."

Our attention has not been called to any statute author-
izing a judge to hear and make a decree in one judicial
district in a proceeding for final settlement and distribu-
tion of an estate pending in another district. We have
made careful examination of the statutes, particularly of
sections 5729 to 5734, (C. S. 1920) and fail to find any
provision which seems sufficient to confer that authority.
As it appears in the case at bar that the parties who at-
tacked the decree were not present at the hearing at Lar-
amie, and that they had not consented that the hearing
be had there, we need not inquire whether such presence
or consent would have made a difference.

But, although it be granted that the judge at Laramie
had no authority to render the decree, there can be no
doubt that the court sitting at Green River had jurisdic-
tion of the subject matter of the estate, of all parties in-
terested therein, and, consequently, jurisdiction to render
a decree settling all matters properly presented by the
final account and petition for distribution. If the court

at Green River on June 9 had vacated the decree of April 24, it might then have proceeded with full jurisdiction to hear and settle the final account and to hear and determine questions properly raised on the petition for distribution. There was, however, no occasion for a *nunc pro tunc* entry. There was no claim that the action taken at Laramie on April 24 was not fully and truly evidenced by the decree as entered on that date. The office of a *nunc pro tunc* entry is to supply something omitted from record. Chatterton v. Bonelli, 27 Wyo. 301, 310, 196 Pac. 316. The plaintiff in error was seeking a vacation of the decree in order that she might present certain objections. If those objections were not to be heard, it was immaterial to her whether the decree became effective April 24 or June 9, and there is nothing to show that the time of the rendition of the decree was at all important to any other interested party. We are inclined, therefore, to disregard the *nunc pro tunc* feature of the decree of June 9, or to regard it simply as an indication of the district court's opinion that on June 9 the facts warranted the same findings and decree that had been made on April 24. That is to say, disregarding the decree of April 24 and disregarding also the *nunc pro tunc* feature of the decree of June 9, we shall treat the situation on June 9 as though the court, then having jurisdiction of the subject matter of the estate, of the person of the plaintiff in error, and of the matters properly presented by the administrator's final accounts and petition for final distribution, determined those matters by the decree then rendered without first having a hearing at Green River. Taking this view of the court's action on June 9, the decree of that date is not to be disregarded or set aside as a matter of course. Although it be conceded that the rendition of the decree should have been preceded by a hearing at Green River, and that such a hearing was not held, we think the decree is not for that reason void, but only irregular or erroneous. Freeman

on Judg., Sec. 135; Van Fleet on Collateral Attack, Sec. 697; Garner v. State, 28 Kan. 790; Ex parte Bennett, 44 Calif. 84; George v. Dill, 83 Neb. 831; 120 N. W. 447; Lockard v. Lockard, 21 S. Dak. 136, 110 N. W. 104. Being only irregular or erroneous, we should give it effect, as a decree of June 9, upon all matters then within the probate jurisdiction of the court in so far, at least, as the determination of those matters did not prejudice the plaintiff in error in any of the rights which she undertook to assert.

The plaintiff in error neither claimed a right nor manifested a desire to object to the administrator's accounts, and as it is clear that she was not prejudiced by their approval, the decree in settlement of those accounts should be affirmed.

The two objections, as hereinbefore quoted, that the plaintiff in error sought to raise, related to the distribution of the estate.

By her first proposed objection, the plaintiff in error claimed the interest of James Barrett by an assignment which, as sufficiently appears, was in dispute. Under authority of the case of Quiner v. Church, (Wyo.) decided April 21, 1924, 224 Pac. 1073, the determination of the question thus sought to be raised was not a matter within the probate jurisdiction of the court. The assignment being denied, the court on the hearing of the petition for distribution should have refused to entertain questions as to its validity or effect, and ordered the share of James Barrett distributed to him subject to the rights of Mary Barrett under the alleged assignment.

We doubt whether the second objection can be said to contain an allegation of any material ultimate fact. We may gather from it the idea that it was intended to be alleged that Mary Barrett about seven years before had in some way become entitled to the distributive shares of her two brothers, Patrick C. and Joseph E. Counsel who have argued the case for plaintiff in error in this court, but

who did not represent her in the district court, say that this objection raised a question as to advancements. While it is true that there is a suggestion of advancements in the statement that the two brothers had declared under oath that they had been provided for by their mother before her death, we would hesitate to say that such an allegation was intended or should have been understood as an effort to raise such a question, or to invoke the action of the district court under sections 6983-6984, 6995 of the Compiled Statutes. The offer of proof contained not even a suggestion of any evidence of advancements. The fact that the two brothers had received advancements from their mother, and for that reason were not entitled to any part of the estate, would not show any right in them to control the disposition of the shares affected by the advancements, and their declarations seven years before that Mary Barrett was entitled to the whole of those shares would seem to be more consistent with some theory of relinquishment or assignment of their interests in the estate to their sister. If it had been claimed that the two brothers had relinquished or assigned their interests in the estate to their sister then the conflicting rights of the sister and the garnisheeing creditors of the two brothers would have presented questions which, on authority of Quiner v. Church, supra, and the cases cited, were not matters within the probate jurisdiction of the court, and should have been left undetermined by the decree of distribution.

We must sustain the contentions that the decree of April 24 should have been vacated; that the decree of June 9 should not have been a *nunc pro tunc* entry, and that the latter decree should have been preceded by a hearing at Green River.

On the remand of the case the petition for distribution may be heard at Green River at such time as may be con-

venient to the court and without any further published notice. If the assignment from James Barrett to Mary Barrett continues to be urged and questioned, the interest affected thereby should be ordered distributed as above indicated. If Mary Barrett continues to claim the distributive shares of Patrick C. Barrett and Joseph E. Barrett she should make the ground of her claim definite and certain. If she claims by assignments which she alleges are superior to the rights of the garnisheeing creditors, the amounts in dispute should be ordered distributed subject to the conflicting claims. If she raises a question of advancements, asking the court to act under sections 6983-6984, 6995, supra, the court will have jurisdiction to entertain and determine the matter. If it be then urged that the question should have been raised at an earlier stage of the proceedings, that point will have to be decided by the district court which may, no doubt, in the exercise of its discretion, overlook the delay. See: In re Ross' Estate, 185 Cal. 8, 195 Pac. 674.

During the pendency of the proceeding in error, Tom Whitmore, administrator and one of the defendants in error, died, and was succeeded as administrator by Mary Barrett, the plaintiff in error. A motion for substitution was made in this court, but as Mary Barrett was already before the court as plaintiff in error, and our disposition of the case disturbs the decree of distribution only, we deem it unnecessary to make a substitution. The administrator is not interested in disputes between parties claiming the interests of heirs. In re Black's Estate (Wyo.) 216 Pac. 1059; Quiner v. Church, supra.

The case will be remanded to the district court with directions to vacate the decree of April 24; to amend and modify the decree of June 9 by striking therefrom the *nunc pro tunc* provision and the provisions for distribution of the estate, and to take further proceedings on the petition for distribution not inconsistent with this opinion.

The decree settling and approving the administrator's accounts will be affirmed.

Potter, Ch. J., and Blume, J., concur.

NOTE—See (1) 24 C. J. p. 944 (1926 Anno.); (2) 24 C. J. p. 1024 (1926 Anno.); (3) 15 C. J. p. 973; 34 C. J. p. 72; (4) 24 C. J. pp. 1011, 1027 (1926 Anno.); (5) 24 C. J. p. 522; (6) 24 C. J. p. 522; (7) 24 C. J. 536 (1926 Anno.).