[APRIL TERM, 1925]

### BARRETT v. WHITMORE, ET AL.

(No. 1053, September 2nd, 1924; 228 Pac. 502.)

AMICUS CURIAE—PETITION FOR REHEARING BY ONE NOT A PARTY.

1. One not a party to the cause is not entitled to petition for a rehearing as amicus curiae, at least without consent of the parties.

NOTE—See Headnote (1) 2 C. J. p. 1326.

ERROR to District Court, Sweetwater County; VOLNEY J. TIDBALL, Judge.

On petition for rehearing. For former opinion see 31 Wyo. 301, 226 Pac. 452.

*Kinkead, Ellery & Henderson, Herbert Van Dam, Jr.,* and *P. W. Spaulding,* for plaintiff in error.

*N. R. Greenfield* for James Barrett; *T. S. Taliaferro, Jr.* (formerly counsel for Whitmore, Administrator, since deceased) appearing amicus curiae.

POTTER, Chief Justice.

Counsel who appeared as amicus curiae in this case, having formerly been counsel for the deceased administrator of

the estate involved, has filed a petition for rehearing. As held by this court in Burns v. State, 25 Wyo. 491, 503, 173 Pac. 785, 786 ''the petitioner, not being a party to the cause, and asking to appear only as amicus curiae, is not entitled to file a petition for a rehearing, at least without the consent of the parties.'' If such a consent would confer a right to file the petition, none is here shown, nor has any party to the cause filed a petition for rehearing. The former client of counsel was interested only as administrator, and that part of the decree complained of, which settled and approved said administrator's final account, was affirmed; indeed, there was no controversy concerning said account. The plaintiff in error was claiming the entire estate as against the claim of one of the defendants in error, and pending the proceedings in error she had become administratrix of the estate, succeeding the deceased administrator. Concerning the administrator's account, we said in the original opinion (226 Pac. 452, 455) :

''The plaintiff in error neither claimed a right nor manifested a desire to object to the administrator's accounts, and as it is clear that she was not prejudiced by their approval, the decree in settlement of those accounts should be affirmed.''

And an order to that effect was entered in this court. In view of recent decisions of this court, it might be at least questionable also whether the administrator, as such, would have any interest in the determination of the matters in dispute relating to the distribution of the estate. Black's Estate (Wyo.) 216 Pac. 1059, 1063; Church v. Quiner, (Wyo.) 224 Pac. 1073. If the court might grant a rehearing upon its own motion, we are not inclined to do that, nor do we see any good reason therefor. The cause was well presented by oral argument and upon briefs at the original hearing, and the court's conclusions were the result of mature deliberation upon a careful consideration of the statu-

tory provisions involved and the authorities bearing upon the questions considered. The petition for rehearing will, therefore, be denied.

*Rehearing Denied.*

BLUME and KIMBALL, JJ., concur.