In re Estate of Lewis A. Cocklin.

No. 45604.

May 13, 1941.

R. J. Swanson and Floyd E. Billings, for appellant and contestant.

John R. DeWitt and Dalton & Dalton, for appellees and proponents.

416

MITCHELL, J.—Lewis A. Cocklin died a resident of Griswold, Cass County, Iowa, on August 10, 1940.

He left a surviving spouse but no direct issue and left as his heirs at law his brothers and sisters of whom Fannie Watkins is a sister. She is also the contestant.

From and including September 25, 1939, to and including February 3, 1940, the decedent executed three wills, which will be hereinafter referred to as the September Will, the December Will and the February Will. The December Will was executed in December 1939. The February Will was executed on February 3, 1940. Harvey Cocklin, a nephew of the decedent destroyed the September Will and the December Will on the 6th or 7th of February, 1940 by tearing them into small pieces and placing them in the furnace in the Oil Burner Factory at Griswold, Iowa.

A copy of the September Will was filed with the Clerk of Court on January 6, 1941 and a copy of the December Will was filed with the Clerk of Court on January 3, 1941.

Notice of hearing on the probation of the February Will was given in compliance with an order of court and the hearing set for August 16, 1940, at which time the contestant, Fannie Watkins filed her objection thereto.

On January 8, 1941, the contestant filed her amended and substituted objection to probate of the February Will, alleging that Lewis Cocklin was of unsound mind at the time the will was executed, and that undue influence was exercised by certain individuals upon the testator.

On the same day Fannie Watkins filed a cross-petition. It is in two counts, the material parts of which are as follows. We quote:

"That on or about the 8th day of December, 1939, the exact date of which is not known to your petitioner, the said Lewis A. Cocklin executed a will, a copy of which, except for the date thereof, is hereto attached as Exhibit 'A', and by this reference, incorporated into and made a part hereof.
" * * *

"That your petitioner is informed and believes that the will of December, 1939, last above referred to, was destroyed

on or about the 6th or 7th day of February, 1940, by the said Harvey Cocklin by tearing same into small pieces and placing them in a furnace in an Oil Burner Factory in Griswold, Iowa.

"That your petitioner is informed and believes that the destruction of the will of December, 1939, as above set out, did not constitute a valid or legal destruction, revocation or cancellation thereof.

"That at the said time of the destruction of the will of December, 1939, as above set out, the said Lewis A. Cocklin was mentally incompetent to destroy, revoke or cancel same and was mentally incompetent to authorize its destruction, revocation or cancellation by Harvey Cocklin or anyone else.

"That your petitioner is informed and believes that the destruction of the will of December, 1939, above referred to, was brought about by fraud, duress, coercion and undue influence exercised upon the said Lewis A. Cocklin by Harvey Cocklin and C. T. Cocklin as a part of the transactions in procuring the will of February 3, 1940, as above set out in the Objections to Probate of Will of February 3, 1940, which objections, by this reference, are incorporated into and made a part of Count 1 of this Cross-Petition as though fully set out herein.

"That your petitioner, upon information and belief, alleges that the will of December, 1939, above referred to, is not the last will and testament of the said Lewis A. Cocklin, deceased, for the reason that the said Lewis A. Cocklin was of unsound mind and mentally incompetent to execute same at the time of its execution, but in order to avoid a multiplicity of suits or in order to determine in one suit, whether or not the said Lewis A. Cocklin died testate or intestate your petitioner offers said will of December, 1939, for probate.

"Wherefore, your petitioner respectfully asks the Court to fix the time and place and prescribe the notice to be given on the hearing on the probation of the will of December, 1939, and that at said hearing, the validity or invalidity of said will of December, 1939, be adjudicated."

The allegations of Count 2 of the cross-petition are the same except that it refers to the September Will.

On January 20, 1941, the proponents filed a motion to strike

wherein they asked that the cross-petition of Fannie Watkins, wherein she offers the September Will and the December Will for probate, and all related matters thereto, be stricken.

On February 3, 1941, the trial court filed his ruling on the motion to strike wherein he sustained said motion to strike so far as it related to the September Will and December Will and all related matters thereto.

On January 22, 1941, the contestant, Fannie Watkins, filed her motion for hearing and consolidation where she asked:

"First, that a hearing be held before the judge sitting in probate, before any other proceedings are had in this matter, for the purpose of determining the contents and executions of the September Will and December Will which have been destroyed, and,

"Second, that in the event of the establishment of the contents and execution of either or both of the wills, the hearing on the probation of all wills of the decedent, including the question of testacy or intestacy, be consolidated in one jury trial, after giving such notice as the probate court may prescribe."

On February 3, 1941, the trial court filed his ruling on motion for hearing and consolidation wherein he overruled all of said motion.

 The contestant, Fannie Watkins, alleges as error the ruling of the trial court.

We quote from appellant's brief:

"Where a will has been destroyed it is the duty of the trial court, sitting in probate, to determine the execution and contents of said will. Coulter v. Peterson, 218 Iowa 512. Goodale v. Murray, 227 Iowa 843."

We have no fault to find with either the Coulter or the Goodale cases cited. They both hold that an action to establish a lost will must be brought in the probate court. But that is all they hold, and that is not the question that confronts us in the case at bar.

 In the present lawsuit it is not a question as to whether Lewis A. Cocklin died testate or intestate, but the question is, was the will dated February 3, 1940 a valid one; and the appel-

lant can plead nothing in this case except what would raise an issue on the question of probation of said will. The single issue involved is the validity of the February Will and that issue alone should be tried and submitted to the jury for its consideration without having such issue clouded with wills which had been made, revoked and destroyed. There is no such thing as a man dying with three last wills and testaments, when each will has a clause, as in this, revoking all former wills made by such decedent.

It is next contended by appellant that where more than one will of a decedent is offered for probate, the probation of the wills and the question of testate or intestate should be tried and determined in one jury trial.

The question of whether or not the September and December Wills were offered for probate by appellant is raised. It will be noted that in the cross-petition calling the court's attention to these two wills, appellant alleges that they are not valid wills.

She does not claim any interest under either the December or September Will which she does not have under the will dated February 3, 1940, therefore, she has made no allegations wherein said wills could be presented for any purpose in respect to the contest of the will of February 1940. The appellant does not present either the December or September Will for probate, but on the contrary, she claims, that Lewis A. Cocklin at the time he executed each of them, lacked testamentary capacity.

Appellant relies to a great extent upon the case of Kostelecky v. Scherhart, 99 Iowa 120, 122, 68 N. W. 591, 592. We quote from that case:

"As we have said, she by her petition presented both wills to the court, claiming that the first was valid and the last was void. She introduced evidence, over the objection of the defendants, from which it appeared that the first will was duly executed. Indeed, as we understand it, she proved every fact necessary to probate the first will, if the second will had not been in the way. The defendants objected to this evidence, and raised the same question in a motion in arrest of judgment; that is, the defendants claimed from first to last that the plain-

tiff could not contest the will, because she was not an heir of the deceased, and the first will had not been admitted to probate. We think, under the facts, the court did not err in admitting the evidence as to the due execution of the first will, and in over-ruling the motion in arrest of judgment. It is very doubtful whether the plaintiff would have had any standing in court if she had presented the first will for probate, as an independent proceeding. The two wills were inconsistent, and when the last one was probated the first one could only be presented for probate in connection with a proper action to set aside the probate of the last will.''

We cannot agree with appellant that the above cited case sustained the proposition urged in the case at bar. In the Kostelecky case the only purpose for which the first will was used was to give the contestant standing in court to contest the last will.

In the case of Cahill v. Cahill, 155 Iowa 340 on page 346, 136 N. W. 214, 216, this court said:

''Contestants asked that a prior will executed by the deceased in October, 1899, be admitted to probate. Notice of its probate was duly given, and April 18, 1910, fixed as the day for hearing. On April 11, 1910, the will in question was filed with the clerk, but no notice was ever given of its probate. All the parties save Elizabeth Cahill Curry, a daughter and one of the beneficiaries under both wills, appeared either as proponents or contestants, and part of them filed the objections under which the contest was had. Under this record the second will should have been probated, and, in view of the filing of the subsequent will, the first one should not have been, until the matter of contest was settled.''

In the case of In re: Fitzgerald Estate, 219 Iowa 988, 990, 259 N. W. 455, 456, this court said:

''The objections to Exhibit 1 were, first, the denial of due execution thereof; and, second, the allegation that the codicil (Exhibit B) was duly executed, and that by reason thereof Exhibit 1 was completely canceled and revoked, and the former will

(Exhibit A) was reinstated. The objections to Exhibits A and B were, first, that Exhibit 1 revoked and canceled Exhibit A; and second, that the pretended codicil did not revive Exhibit A. These last objections were amended by alleging that at the time the said codicil was executed David Fitzgerald was mentally incapacitated and incompetent to make said codicil; and by later amendment it is alleged that David Fitzgerald was unduly influenced in making said codicil by persons some of whom benefited by said will and said codicil. Later, after several other motions, a motion was made to consolidate the hearings on both of these petitions for probate. This motion was overruled, and the previous motion to strike the instrument Exhibit 1 was sustained, '* * * but that the same shall be without prejudice to the rights of the contestant, and this ruling shall not deprive contestant of any rights that he may have to hereafter offer said instrument for probate or for such other proceedings as may be necessary in court.' "

No question is raised, but that the February 3, 1940 will is the last will of Lewis A. Cocklin, unless the same is set aside in the contest brought by appellant. She does not ask that either the September or December Wills be probated, for she says that both the September and December Wills are invalid. The February Will being the last instrument purporting to be the last will of Lewis A. Cocklin, and the same being filed in the probate court, and proper notice having been given, the two instruments referred to in appellant's cross-petition, under the fact of this case cannot be presented for probate, until the contest as to the validity of the February Will, the last one, has been tried. It necessarily follows that the lower court was right, and that this case must be and it is affirmed.—Affirmed.

HALE, C. J., and WENNERSTRUM, SAGER, STIGER, OLIVER, and MILLER, JJ., concur.

GARFIELD, J., dissents.