80 Wyo. 426 (1959)
345 P.2d 786
In the Matter of the ESTATE of Charles L. STRINGER, Charles Limuel Stringer, also known as Chas. L. Stringer, Deceased.
Bertie M. STRINGER, Appellant (Defendant below),
v.
Wilhemine M.L. Miller, Appellee (Plaintiff below).
No. 2871.
Supreme Court of Wyoming.
November 3, 1959.
*428 Henry A. Burgess, Sheridan, for appellant.
Walter Scott and G.R. McConnell, Laramie, for appellee.
Before BLUME, C.J., and PARKER and HARNSBERGER, JJ.

ON PETITION FOR REHEARING

*427 OPINION
Mr. Justice HARNSBERGER delivered the opinion of the court.
Both parties have petitioned for rehearing.
Appellee charges our opinion omitted material facts; material facts were incorrectly stated; and important points of law raised were not considered.
The omitted fact is said to be that appellant three times denied there was a will. Such denial is not material to the validity of the instrument. It could not change the fact, established by competent evidence, that there was such a will. Even had appellant known there existed a last will and intended to conceal it  which does not appear to be the case  the instrument would still have been and remained the deceased's last will and testament.
*429 Appellee intimates that when a witness, who at one time was an attorney for the proponent of a will and who is attorney for the special administrator, testifies to the signature of the deceased upon that will, such testimony must be presumed to be influenced by interest. It is also implied that similar testimony of the special administrator would also be tinged with a like interest. These assumptions are entirely unjustified. The services of both the special administrator and the attorney end the moment any will is admitted to probate. It is also true that the former employment of the lawyer does not suggest any reflection on his credibility.
What we have now said likewise negates the charge that we incorrectly referred to these witnesses as being disinterested. Appellee criticizes our reference to the brother of the deceased as an interested witness because the brother's share would amount to only 1/12 of the estate. The recipient of any portion of the estate, especially one of the size in this case, certainly has an interest.
Appellee next insists we misstated the distance as being 40 miles which deceased traveled in order to have the 1954 will witnessed. Appellant testified she and the deceased went from Gillette to the home of the witnesses and one of those witnesses said that distance was 40 miles.
The remainder of appellee's complaint merely consists of reargument of matter which has previously been considered.
The appellee's petition for rehearing is, therefore, denied.
*430 Appellant says we erred in sustaining the trial court's consolidation of the causes for the probate of the 1949, 1952 and 1954 instruments offered as the last will and testament of the deceased. Counsel indicates that statements of the trial judge made in chambers and in open court misled him into believing that the hearing would be upon the 1954 will and upon its termination hearing would be had upon the 1949 and 1952 wills.
We find an order entered on January 16, 1958, setting the hearing on the petition for probate of the 1954 instrument at 10:00 a.m., February 3, 1958, and also setting the hearing on the petition for probate of the 1949 and 1952 instruments at exactly the same day and hour, but providing that the hearing on the latter instruments would immediately follow the hearing on the 1954 will. The verbal statements attributed to the judge did not vary from that order which had apprised appellant and her counsel that they should come into court the morning of the hearing prepared with all witnesses and evidence available to them which would be relevant upon the probate of either of the several documents about which proof was to be taken. Furthermore, the record discloses that counsel was given an unrestricted opportunity to call and examine any witnesses he desired and to produce any other evidence pertinent to the matters so set for hearing.
When the appellant rested, the appellee moved that probate of the 1954 instrument be denied. No ruling was made upon the motion, but the court said, "Well, let's hear some more testimony, then", and appellee called under the statute and cross-examined the proponent of the 1954 will. This was followed by appellant's examination of the same witness who was then *431 re-examined by appellee. Seven more witnesses were then called by appellee, cross-examined by appellant and re-examined by appellee, after which appellee rested. At this point the court said it wanted briefs.
"* * * about the execution of the Will which is now offered for probate. I want a brief on that as to whether or not it has been duly executed. And then, I want a brief on mutual Wills and the effect of mutual Wills on a subsequent marriage and the making of another Will."
Appellant then inquired, "* * * are all these three cases consolidated for this hearing?"; to which the court replied, "Yes, they are." To this appellant made no objection, although her counsel remarked he thought there should be an order of consolidation entered, but did not pursue the matter.
A discussion about stipulations then took place, during which the court inquired if appellant wished to offer anything further, and on receiving an affirmative response, the court granted its permission and appellant's counsel said he wanted to continue to call witnesses, which he did by calling the proponent of the 1954 will and then called and cross-examined opposing counsel under the statute, after which appellant rested.
Under these circumstances it remains in doubt at what stage of the proceeding the hearing on the 1954 will ended and just when the hearing on the 1949 and 1952 wills began, if it began at all.
At this point we might comment that an order entered April 17, 1958, the same day the court entered its order admitting the 1949 will to probate, did not pretend to consolidate retroactively the hearings upon *432 the several petitions for probate. The order merely provided that the files in these causes be consolidated into one file. However, without quibbling over whether the three causes were improperly consolidated for hearing or merely considered together by the court in reaching its decision as to which of the three instruments offered was the last will of the deceased, the appellant now has little cause for complaint regarding the probate of the 1954 instrument, inasmuch as we found the evidence in the record required that will to be admitted to probate.
We think, however, that it is fair to conclude that a just complaint may be that our direction to the trial court should have been confined to the vacation and setting aside of the order admitting the 1949 instrument and ordering the admission of the 1954 will to probate in its stead. With such a contention we could agree, notwithstanding we remain convinced the trial court was correct in finding the 1949 will evidenced a contract from which the estate cannot escape. Among the authorities which seem to represent majority opinion on the question of how such contractual rights should be asserted are those cited in 57 Am.Jur., Wills, § 716, p. 485, where it is said:
"* * * Generally speaking, the remedy of a person injured by the violation of a contract for the execution of wills containing reciprocal bequests and bequests to third persons effective upon the death of the surviving testator is not to be had in a contest of the probate of the will which constitutes the violation of which complaint is made, since, in the absence of statute, the only issue on a contested probate is whether the paper propounded is `the last will of the decedent.' Similarly, a contract jointly to execute a single will which is reciprocal in the bequests made cannot be asserted *433 as a ground for contesting the probate of a later revoking will. It is not a ground of contest to the probate of a will that it violates an agreement to make wills containing reciprocal provisions or revokes a former will made in pursuance of such agreements, and the probate court cannot refuse to probate a will on the ground that it was made in violation of such an agreement, unless such court is, by statute, given equitable jurisdiction, or the probate of the will has been enjoined by a court of equity. Jurisdiction cannot be conferred by the consent of the parties so as to permit the probate court to hear a contest based on the ground that the propounded instrument violates a contract for the execution of mutual and reciprocal wills. * * *"
We do not have the exact type of statute giving the probate court the equitable jurisdiction to which reference is made in the above quotation. Nor has the probate of a will in this case been enjoined by a court of equity. However, § 2-3, W.S. 1957, formerly § 6-101, W.C.S. 1945, gives exclusive jurisdiction to district courts of the state in probate matters in the following words:
"The district courts of the state shall have exclusive original jurisdiction of all matters relating to the probate and contest of wills and testaments, the granting of letters testamentary and of administration, and the settlement and distribution of decedents' estates. The court granting the letters shall have exclusive jurisdiction of all matters touching the settlement and distribution of the estates whereon such letters have been granted."
But this statute does not, in our opinion, change the fact that in proceedings for the probate of an instrument as the last will and testament of the deceased only matters affecting the validity and subsistence of *434 the will should be considered, and any right or claim against the estate arising through contract must be asserted in an independent action against the administrator or the executor of the estate as the case may be.
The view we now take was touched upon by this court in Church v. Quiner, 31 Wyo. 222, 226, 227, 224 P. 1073, 1074, it was said.
"While in this state the district court is the court of general jurisdiction, and the same court has by the Constitution (section 10, art. 5) jurisdiction `of all matters of probate,' yet, in the exercise of its probate powers, its jurisdiction is limited and special, and when its acts in probate are without [beyond] the limits of the special jurisdiction conferred, they have no binding effect `even upon those who have invoked its authority.' * * *"
This statement in the Quiner case was made in deciding that conflicting claims as to who was entitled to receive distribution of a portion of an estate, under separate assignments of the same interest, could not be determined in the probate proceeding but must be litigated as a civil matter. So it is that if appellee, or any others, have contractual rights arising from the 1949 wills, these claims and rights must be ascertained and adjudicated in a proper suit, separate and apart from this proceeding, which was and must remain exclusively one to determine the validity and subsistence of a last will and testament of the deceased. Any such action must, of course, be brought against the administrator or executor of deceased's estate and any right or claim established must be satisfied during the administration of that estate.
*435 With further reference to the proper procedure to be followed, where a contractual right is claimed, in 97 C.J.S. Wills § 1366 c, p. 298, it is said.
"* * * So, where a party to a contract or agreement for mutual wills makes a later will, even without notice to, or the knowledge of, the other party, or after the latter's death, the mutual will cannot be admitted to probate, since it is not the testator's last will, and the later will may be admitted, without regard to the fact that it does not comply with the agreement; but it is subject to the rights of interested persons to compel a distribution of the estate under the contract on which the mutual will was founded, their remedy being, however, in equity, and not in the probate court, which has no choice but to distribute the estate under the last will."
In In re Isacson's Estate, 77 Idaho 12, 285 P.2d 1061, 1063, it is said:
"Although a joint will and acceptance of benefits thereunder by the survivor may, under some circumstances, constitute an irrevocable contract, such facts do not make the joint will the irrevocable will of the survivor; and his joint will may be revoked by a later will. Furthermore, the question of whether an irrevocable contract exists is not an issue when the later will is tendered for probate.
"The issues of whether such an irrevocable contract exists and the enforcement thereof are matters to be tried out in a court of equity, and are beyond the equitable powers of the probate court in probate matters. * * *"
The statement as to the forum in which the contractual right is to be litigated does not, of course, apply in this state because of our statute quoted above.
*436 Also in Annotation, 169 A.L.R. 9, 53, we find the following:
"Generally speaking, the remedy of a person injured by the violation of a contract for the execution of wills containing reciprocal bequests and bequests to third persons effective upon the death of the surviving testator is not to be had in a contest of the probate of the will which constitutes the violation of which complaint is made, since, in the absence of statute, the only issue on a contested probate is whether the paper propounded is `the last will of the decedent.' * * *"
Other authorities are Smith v. Davis, 200 Ga. 317, 37 S.E.2d 182; Id., 203 Ga. 175, 45 S.E.2d 609; In re Kenny's Estate, 233 Iowa 600, 10 N.W.2d 73; In re Cocklin's Estate, 230 Iowa 415, 297 N.W. 864; Id., 232 Iowa 266, 5 N.W.2d 577; 236 Iowa 98, 17 N.W.2d 129, 157 A.L.R. 584.
In consequence of what we now say here, the opinion heretofore rendered and the order and direction contained in the final paragraph thereof is modified and the last paragraph made to read as follows:
"It is, therefore, ordered that the judgment of the trial court be reversed; that the judgment and order admitting the 1949 instrument to probate as the last will and testament of the deceased be vacated, set aside and held for naught; that the court enter its judgment admitting the 1954 instrument to probate as the last will and testament of the deceased; and that the court make such orders as may be necessary to carry into full force and effect this direction."
Because of the direction now given a rehearing on appellant's petition is unnecessary.
Rehearing denied and directions in original opinion modified.